IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **PROMINENT CONSULTING, LLC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6357 |
| | ) | |
| **ALLEN BROTHERS, INC.**, | ) | Judge Ruben Castillo |
| | ) | |
| Defendant. | ) | Magistrate Judge Morton Denlow |

**ALLEN BROTHERS' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR ABSTENTION**

Defendant Allen Brothers, Inc. ("Allen Brothers"), by its attorneys, respectfully submits this memorandum of law in support of its motion requesting this Court to abstain from adjudicating this case (the "Federal Case") and to stay this action pending complete and final resolution of the prior pending state court litigation involving these same parties, captioned *Allen Brothers, Inc. v. Scott Marland, Debbie Marland, Prominent Consulting, LLC, Kurt Seidensticker and echoMountain LLC*, 07 CH 11877 (the "State Case").

**Introduction**

The Court should abstain under the *Colorado River* doctrine from hearing this matter for at least two independently sufficient reasons. First, the Court should abstain from adjudicating this case because, despite Prominent's attempt to obscure the State Case from the Court, Prominent's claims in this matter turn on adjudication of issues at the heart of Allen Brothers' claims in the State Case. Those claims arise from Prominent's and its CEO Kurt Seidensticker's improper and unethical monitoring of Allen Brothers' email traffic in a perversion of their role as Allen Brothers' network administrator as well as Prominent's and Seidensticker's perfidy in subsequently transmitting highly confidential Allen Brothers' information gleaned from those

emails (including legal advice provided to Allen Brothers both in the emails themselves and in confidential legal memoranda attached to the emails that Seidensticker opened and read) to a former Allen Brothers Vice President that Allen Brothers had sued. Consideration of that misconduct, which provides the basis for claims asserted by Allen Brothers in the State Case, would be essential to adjudication of Prominent's claims here, including in connection with: (i) assessment of Prominent's unclean hands; (ii) the effect of Prominent's own material breaches on its ability to enforce any term of the agreement between the parties (including who owns the intellectual property on Allen Brothers' former website); and (iii) the factual background for Allen Brothers' emergent preparation of a replacement website.

The Court should abstain from hearing this case for the independently sufficient reason that Prominent elected to assert essentially identical intellectual property claims as part of a counterclaim it filed in the State Case on the same day it filed this action, simply hanging a different legal theory on the very same allegations of wrongdoing in the two cases. In its counterclaim in the State Case (the "Counterclaim," attached hereto as Exhibit A), Prominent seeks injunctive relief and damages for alleged contractual violation of its claimed intellectual property rights (*see* Ex. A, ¶¶ 70-75 and Count I *ad damnum*); in this matter Prominent claims entitlement to the very same injunction and the very same damages under a copyright theory. Prominent seeks to have two separate courts determine the very same factual dispute and seeks double recovery as well.

Based on *Colorado River* and its progeny, this Court should abstain from adjudicating the Federal Case and stay the action pending complete and final resolution of the State Case. Doing so will promote "wise judicial administration" and avoid duplicative piecemeal litigation. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983). Under

*Colorado River*, this matter should be stayed, only to proceed, if necessary, following resolution of the State Case.

## Relevant Procedural Background

### The State Case

On May 2, 2007, Allen Brothers initiated the State Case by filing its complaint in the Circuit Court of Cook County against Scott Marland ("Marland").[1] Two days later, on May 4, 2007, the Circuit Court entered an order allowing Allen Brothers to have Marland's home computers copied by a forensic expert. The subsequent analysis of Marland's home computers led to the discovery of the first Seidensticker email warning Marland to destroy incriminating evidence ten days before the State Case was filed. Over the next several months, Allen Brothers engaged in significant third party discovery in the State Case, including subpoenas of Google and Comcast, providing incontrovertible material information proving Allen Brothers' claims against Prominent. Marland filed an answer to the complaint on July 13, 2007.

Meanwhile, over this period, in the hope of avoiding litigation, Allen Brothers and Prominent engaged in certain settlement discussions. On August 14, 2007, Allen Brothers filed a motion for leave to amend its complaint to add claims against Prominent and Seidensticker in the event the parties' settlement discussions were unsuccessful. On September 17, 2007, Allen Brothers filed an amended complaint adding claims against both Prominent and Seidensticker as well as Debbie Marland, Marland's wife. Scott Marland and Debbie Marland filed answers to the Amended Complaint on October 19, 2007. Prominent and Seidensticker appeared in the State Case on October 30, 2007 and, on November 8, 2007, the same date on which the Federal

---

[1] A copy of the docket from the State Case is attached hereto as Exhibit B. The facts relating to the State Case also are discussed in detail in Allen Brothers brief in opposition to Prominent's motion for TRO. In the interest of avoiding duplication, Allen Brothers incorporates that factual background herein.

Case was filed, Prominent filed its Counterclaim in the State Case. On November 13, 2007, Allen Brothers filed a second amended complaint adding claims related to Seidensticker's and Prominent's theft of funds from an Allen Brothers budget controlled by Seidensticker and Prominent. On November 21, 2007, Prominent moved for a substitution of judge as of right and, on November 29, 2007, that motion was granted, allowing Prominent to have the State Case presided over by a new judge.

**The Federal Case**

On November 8, 2007, the same day that Prominent filed its Counterclaim in the State Case, Prominent filed its Complaint in the Northern District of Illinois.[2] A week later, on November 15, 2007, Prominent filed a Motion for a Temporary Restraining Order and Preliminary Injunction. On November 19, 2007, Allen Brothers filed a Verified Answer and Brief in Opposition to Prominent's Motion for a Temporary Restraining Order and Preliminary Injunction. On November 20, 2007, the Court denied Prominent's Motion for a Temporary Restraining Order.

I. **THE COURT SHOULD ABSTAIN FROM ADJUDICATING THIS CASE PURSUANT TO THE *COLORADO RIVER* ABSTENTION DOCTRINE**

   A. **The Two-Part Test for Abstention**

Under the *Colorado River* doctrine, a federal district court may decline to exercise jurisdiction over a case in deference to parallel state court litigation if it promotes "wise judicial administration." *Colorado River*, 424 U.S. at 818; *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004); *Magett v. Sheahan*, 1996 WL 153887, *2 (N.D. Ill. April 1, 1996). *See also Jacobson v. City of Chicago*, 233 F.Supp.2d 1001, 1006 (N.D. Ill. 2002) (stating that the *Colorado River*

---

[2] Prominent did not serve its Complaint or provide a courtesy copy to Allen Brothers' counsel until November 15, 2007, the date on which Prominent filed its motion for temporary restraining order.

4

doctrine prioritizes conserving judicial resources).  Abstention by the federal courts does not prejudice the parties because "[s]tate courts will be presumed to adjudicate plaintiff's claims fairly."  *Lumen Constr. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 697 (7th Cir. 1985), quoting *Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 569 (1983).

Analysis under *Colorado River* involves a two-part test.  First, the two pending suits must be "parallel," meaning that "substantially the same parties are contemporaneously litigating substantially the same issues in two forums."  *Id.*; *LaDuke v. Burlington N.R.R.*, 879 F.2d 1556, 1558 (7th Cir. 1989); *Cigna Healthcare of St. Louis, Inc. v. Kaiser*, 181 F.Supp.2d 914, 924 (N.D.Ill. 2002).  Here, the State Case and the Federal Case clearly are parallel.  Second, assuming the first part of the test is met, the Court evaluates numerous factors to determine if abstention is proper.  Those factors include:

(1) whether the state has assumed jurisdiction over property;
(2) the inconvenience of the federal forum;
(3) the desirability of avoiding piecemeal litigation;
(4) the order in which jurisdiction was obtained by the concurrent forums;
(5) the source of governing law, state or federal;
(6) the adequacy of the state-court action to protect the federal plaintiff's rights;
(7) the relative progress of the state and federal proceedings;
(8) the presence or absence of concurrent jurisdiction;
(9) the availability of removal; and
(10) the vexatious or contrived nature of the federal claim.

*Clark*, 376 F.3d at 685; *Cigna*, 181 F. Supp. 2d at 924; *Magett*, 1996 WL 153887 at *3.  In weighing these factors, "no one factor is determinative."  *Colorado River*, 424 U.S. at 818. Because at least five of the factors weigh heavily in favor of abstention, it is appropriate in this case.

### B.     The State Case and Federal Case are Parallel Proceedings

The State Case and Federal Case are parallel. As required under *Colorado River*, "substantially the same parties are contemporaneously litigating substantially the same issues in two forums." *Magett*, 1996 WL 153887, *4-5; *LaDuke v. Burlington N.R.R.*, 879 F.2d 1556, 1558 (7th Cir. 1989); *Cigna Healthcare of St. Louis, Inc. v. Kaiser*, 181 F.Supp.2d 914, 924 (N.D.Ill. 2002). Prominent and Allen Brothers both are parties in both the State Case and the Federal Case. The fact that the State Case includes other defendants in addition to Prominent *does not preclude* a finding that the cases are parallel. *Jacobson*, 233 F. Supp. 2d at 1007 ("[T]he presence of the additional defendants in the state action does not affect our determination.") (citing *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001)). This is particularly true here, where two of the four other defendants in the State Case, Seidensticker and echoMountain, LLC, are closely aligned with Prominent.

Moreover, both the State Case and the Federal Case arise out of the same events and concern the same issues, including the signing of the Web Development and License Agreement (the "Development Agreement") by Prominent and Allen Brothers, the parties' renegotiating of and execution of an amendment to the Development Agreement, Prominent's egregious acts of betrayal in spying on Allen Brothers' confidential information and providing that information to Allen Brothers' litigation opponent (Marland), and Prominent's allegation that Allen Brothers' website created following the discovery of Prominent's misdeeds infringes on Prominent's intellectual property rights. While the legal theories in Prominent's State Case Counterclaim differ from those in its Federal Case Complaint, the factual allegations underlying the causes of action are virtually identical in both proceedings. For example:

- Both the Counterclaim and Complaint contain a section titled "*Allegations Common to All Counts - Prominent and Allen Brothers Form a Working Relationship.*" In these common sections, Prominent alleges that it formed a relationship with Allen

6

- Brothers and signed the Development Agreement, under which Prominent would develop a website for Allen Brothers. (*Compare* Counterclaim, ¶¶ 4-12 and Compl., ¶¶ 4-9.)

- The Counterclaim contains a section titled "*Prominent's Intellectual Property and Other Rights Under the Web Site Development and License Agreement*" while the Complaint contains an almost identical section titled *"Prominent's Copyrights and Other Rights Under the Parties' Web Site Development and License Agreement."* In these common sections, Prominent alleges that the Development Agreement provided it with certain intellectual property rights under Sections 5.A.(2), 5.A.(4), and 5.C. (*Compare* Counterclaim, ¶¶ 13-21 and Compl., ¶¶ 13-15.)

- Both the Counterclaim and Complaint contain a section titled "*The New Allen Brothers Website Has Been an Overwhelming Success*." The six paragraphs of allegations in these two sections are virtually word-for-word identical. (*Compare* Counterclaim, ¶¶ 22-27 and Compl., ¶¶ 16-21.)

- Both the Counterclaim and Complaint contain a section titled "*Allen Brothers Steals Prominent's Intellectual Property*," in which Prominent alleges violations of its intellectual property rights. (*Compare* Counterclaim, ¶¶ 56-59 and Compl., ¶¶ 22-35.)

Indeed, Prominent expressly seeks the same monetary relief for the same alleged conduct in both the State and Federal Cases. The presence of the same parties, combined with the fact that both cases involve the same issues and contain overlapping factual allegations, unquestionably demonstrate that the State Case and the Federal Case are parallel proceedings.[3]

### C. At Least Five of the Relevant Factors Weigh Heavily in Favor of Abstention

At least five of the factors to be considered under *Colorado River* weigh heavily in favor of abstention in this matter.

#### 1. Abstention is Necessary Here to Avoid Piecemeal Litigation

If the Court does not abstain in this case, piecemeal litigation clearly will occur.

---

[3] The proceedings also are plainly parallel in that the facts underlying numerous of the affirmative defenses asserted by Allen Brothers in its Verified Answer in this matter are identical to those that support Allen Brothers' claims against Prominent in the second amended complaint filed in the State Case (a copy of which is attached as Exhibit 1 to Exhibit A to Allen Brothers' brief in opposition to Prominent's TRO motion in this matter).

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results. *LaDuke*, 879 F.2d at 1560. The concerns are that:

> a party may try to accelerate or stall proceedings in one of the forums in order to ensure that the court most likely to rule in its favor will decide a particular issue first . . . [and] the possibility exists that one court, unaware that the other court has already ruled, will resolve an issue differently and create a conflict between the two forums.

*Id.* Abstaining allows the Court not to "waste the parties resources, risk duplicative rulings and reward a strategic gamesmanship that has no place in a dual system of federal and state courts." *Tyrer*, 456 F.3d at 756. Here, Prominent seeks exactly the same relief for exactly the same actions by Allen Brothers in both the State Case and the Federal Case. Where the legal issues and facts are the same in both the state and federal actions, it is "enormously wasteful and downright foolish" for the Federal Court to litigate the case at the same time as the State Court. *Thompson v. Ashner*, 601 F. Supp. 471, 474 (N.D. Ill. 1985). Furthermore, where as here, the same people will be deposed, same witnesses called, and same evidence presented in both the state and federal actions, a stay is appropriate. *Tyrer*, 456 F.3d at 756; *Clark*, 376 F.3d at 687.

Even if Prominent's Counterclaim is disregarded, proceeding in the two cases still would create piecemeal litigation due to the critical importance to adjudication in this matter of the wrongdoing by Prominent that forms the basis for Allen Brothers' claims against Prominent in the State Case. While Allen Brothers believes the outcome on those issues will be adverse to Prominent in both cases, it is possible that the respective courts could issue conflicting rulings on the overlapping issues. The interest in avoiding piecemeal litigation weighs heavily in favor of abstention.

### 2. The Order in which Jurisdiction was Obtained Favors Abstention

The Circuit Court of Cook County obtained jurisdiction first in the State Case generally and over Prominent specifically. The State Case was filed on May 2, 2007 and the Complaint was amended to include Prominent on September 17, 2007. While it was aware of the State Case far earlier, Prominent appeared in the State Case on October 30, 2007.

Since the federal forum is no more convenient than the state forum, and since there are no special circumstances justifying priority to the Federal Case, "the first lawsuit to be filed should be given priority." *ADS Publishing Services, Inc. v. Summit Group, Inc.*, 1996 WL 332684, *6 (N.D.Ill. 1996) (abstaining to proceed in federal case where state action filed eight days before the federal action); *Clark*, 376 F.3d at 688 (abstaining to proceed in federal case where state action filed a few weeks prior to federal action); *see also Jacobson*, 233 F.Supp.2d at 1008. Because the state court obtained jurisdiction first, this factor favors abstention.

### 3. The Relative Progress of the State Case and the Federal Case Favors Abstention

Numerous papers have been filed in the State Case dealing with the factual background and legal issues between the parties. Furthermore, Allen Brothers has already engaged in discovery in the State Case, both involving Marland and third parties, relating to Allen Brothers' claims against Prominent and issues that will be relevant in this case as well. Because the state court action has progressed over the course of the seven months since its filing, this factor weighs in favor of abstention.

### 4. The State Case Cannot Be Removed, Favoring Abstention Here

The State Case cannot be removed to federal court because the parties to the state case are not diverse and the state complaint does not allege a federal question. The inability to remove a state court action to federal court weighs in favor of a stay. *Id*. at 688, citing *Day v.*

*Union Mines, Inc.*, 862 F.2d 652, 659-60 (7th Cir. 1988); *ADS Publishing Services*, 1996 WL 332684, * 7.

### 5. Prominent's Federal Complaint is Vexatious, Frivolous, and Contrived, Making Abstention Appropriate

As detailed more fully in Allen Brothers' Brief in Opposition to Prominent's Motion for a Temporary Restraining Order and Preliminary Injunction, Prominent's Federal Case is vexatious. Prominent filed its Federal Complaint for the purpose of further harming Allen Brothers and in an effort to gain leverage in the State Case to deter Allen Brothers from holding Prominent and Seidensticker responsible for their intentional wrongdoing and egregious misconduct.

There also can be no doubt that the copyright infringement and CFAA claims asserted by Prominent in the Federal Case are contrived in an effort to obtain federal jurisdiction. Prominent simply recasts its causes of action from the State Case Counterclaim as federal causes of action in order to simultaneously seek the same relief for the same actions by Allen Brothers in two forums. Therefore, this factor also heavily favors abstention.

### D. No Factor Justifies Denial of Abstention

While a minority of the ten factors considered in the abstention analysis may be neutral or weigh slightly against abstention on the present facts, abstention remains appropriate. Indeed, "the weight to be given any one factor is determined solely by the circumstances of the particular case - there is no mechanical formula by which to determine when a stay is appropriate." *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1157 (7th Cir. 1990), citing *Moses H. Cone*, 460 U.S. at 16. *See also LaDuke*, 879 F.2d at 1559 (stating that the factors are not to be applied mechanically, but flexibly and pragmatically). When several of the factors are neutral, the court will base its decision on the weight of the remaining factors. *Tyrer v. City of South Beloit*, Illinois, 456 F.3d 744 (7th Cir. 2006); *Jacobson*, 233 F. Supp. 2d 1001; *Magett*, 1996 WL

153887, *4-5; *Cigna*, 181 F. Supp. 2d 914 (finding abstention appropriate where three factors supported abstention and two did not).

### 1.　　The Exclusive Federal Jurisdiction of Prominent's Copyright and CFAA Claims Does Not Prevent the Court From Abstaining Under Colorado River

The fact that the federal court has jurisdiction over Prominent's copyright claim, really the only factor seeming to weigh against abstention, does not preclude abstention here. Although the Seventh Circuit suggests in *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 214-215 (7th Cir. 1988), that abstention generally is not appropriate when the federal case involves claims over which the federal court has exclusive jurisdiction, the court found that certain circumstances still warrant abstention. *Id*. at 215 ("[W]e do not mean to create a monolithic rule subject to no exceptions"). Courts have routinely abstained from deciding federal claims where the state court litigation may resolve the federal issues altogether, the federal claims appear frivolous, forum shopping has occurred or similar claims could be filed in state court. *See Int'l Jensen Inc. v. Emerson Radio Corp.*, 1996 WL 494273, at *4 (N.D. Ill. Aug. 27, 1996) (abstaining from deciding defendant's federal securities claim where defendant was attempting to litigate essentially the same claim under two different laws in two different systems, requested virtually the same relief, and had a remedy outside of his exclusively federal claim); *One Up, Inc v. Webcraft Tech, Inc.*, 1989 WL 118725, at *6 (N.D. Ill. Sept. 22, 1989) (abstaining from deciding plaintiff's patent claim where the resolution of the state court action my preclude the federal action). *See also Lorentzen v. Levolor Corp.*, 754 F. Supp. 987, 994-95 (S.D.N.Y. 1990). All of the factors found in cases like *Int'l Jensen* and *One Up, Inc.* to warrant abstention despite the existence of a federal question are present in the instant matter. Consequently, abstention is justified.

**Conclusion**

For the reasons set forth herein, Allen Brothers, Inc. respectfully requests that this Court abstain from adjudicating this case and stay the action pending the complete and final resolution of the State Case.

Dated: November 29, 2007                          Respectfully submitted,

**ALLEN BROTHERS, INC.**


By:    /s/         Charles B. Leuin
           One of Its Attorneys


Charles B. Leuin (ARDC No. 6225447)
Tanisha R. Jones (ARDC No. 6283173)
Matthew S. Gray (ARDC No. 6286276)
**GREENBERG TRAURIG, LLP**
77 W. Wacker Drive, Suite 2500
Chicago, Illinois  60601
T: (312) 456-8400
F: (312) 456-8435

*Attorneys for Defendant Allen Brothers, Inc.*