IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PROMINENT CONSULTING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6357 |
| | ) | |
| ALLEN BROTHERS, INC., | ) | Judge Ruben Castillo |
| | ) | |
| Defendant. | ) | Magistrate Judge Morton Denlow |

**ALLEN BROTHERS, INC.'S EMERGENCY MOTION
FOR CLARIFICATION AND TO STAY EXPEDITED DISCOVERY**

Defendant Allen Brothers, Inc. ("Allen Brothers"), by its counsel, respectfully requests that this Court clarify its Minute Order entered on December 3, 2007 and stay the substantial expedited discovery initiated in this matter by Plaintiff Prominent Consulting, LLC ("Prominent") pending the Court's ruling on Allen Brothers' motion for abstention (the "Abstention Motion"). That discovery will be burdensome and expensive (both to Allen Brothers and third parties subject to the discovery) and of limited use if the Abstention Motion is granted. In support of this Motion, Allen Brothers states as follows:

1. On November 20, 2007, the Court held a hearing on Prominent's motion for temporary restraining order. The Court denied Prominent's motion and entered a Minute Order allowing Prominent to take expedited discovery.

2. On November 29, 2007, Allen Brothers filed the Abstention Motion seeking to have the Court abstain from exercising jurisdiction in this matter due to the substantial overlap with a state court proceeding involving the same parties. In that motion, Allen Brothers sought to have the expedited discovery initiated by Prominent stayed pending

resolution of the Abstention Motion as the expedited discovery initiated by Prominent will be time consuming, expensive and disruptive to Allen Brothers' business and ultimately unnecessary if the Abstention Motion is granted. As an example of the burdensomeness of Prominent's discovery, one of the depositions noticed by Prominent seeks to require the parties to travel to central Pennsylvania in the next two weeks.

3. On December 3, 2007, this Court entered a Minute Order setting a briefing schedule on the Abstention Motion and vacating the December 4, 2007 presentment of the Abstention Motion, the December 11, 2007 status report deadline, and the December 12, 2007 status hearing.

4. Counsel for Allen Brothers sought to confirm with counsel for Prominent that Prominent would not seek to proceed with its expedited discovery in light of the Court's Order vacating all case management dates that had been set in this matter. However, counsel for Prominent stated that Prominent expects to proceed with its expedited discovery and expects Allen Brothers to comply with all discovery requests. (*See* Exhibit 1, December 3, 2007 email exchange between counsel.)

5. Allen Brothers believes that Prominent's position demanding that expedited discovery proceed is inconsistent with the Court's Order vacating all case management deadlines pending resolution of the Abstention Motion.

6. Prominent has initiated substantial discovery in this matter and sought to have Allen Brothers respond in expedited fashion. That discovery includes:

    a) <u>Prominent's First Request for Production of Documents</u>: seeking production of "all documents" responsive to fourteen separate categories of documents;

    b) <u>Prominent's Notice to Produce and Inspect</u>: seeking to physically inspect the computer hard drives and "any other storage media in

                the possession of or used by" seven different Allen Brothers' employees;

    c)    <u>Prominent's Subpoena to Yahoo.com</u>: seeking from a non-party files relating to Allen Brothers website as those files existed on sixteen separate dates;

    d)    <u>Deposition of Todd Hatoff</u>: seeking to depose Allen Brothers' president;

    e)    <u>Deposition of Nik Krimm</u>: seeking to depose a non-party;

    f)    <u>Deposition of Miguel Younger</u>: seeking to depose a non-party in Wilkes-Barre, Pennsylvania.

7.    In light of: (i) the December 3, 2007 Minute Order vacating all case management dates and appearances before the Court until at least January 2008; (ii) the fact that the substantial discovery initiated by Prominent will be time consuming and expensive, both for the parties and for the three non-parties on whom Prominent has served subpoenas; and (iii) the fact that any discovery taken by Prominent will be of little or no use if the Abstention Motion is granted, Allen Brothers respectfully requests that no expedited discovery occur in this matter pending resolution of the Abstention Motion.

8.    Allen Brothers has brought this as an emergency matter due to Prominent's demands that Allen Brothers provide discovery on an expedited basis and in order to eliminate the need to engage in wasteful discovery.

WHEREFORE, Allen Brothers respectfully requests that this Court clarify its Minute Order of December 3, 2007 to specify that no expedited discovery occur pending the Court's resolution of the Abstention Motion.

Dated: December 3, 2007

Respectfully submitted,

**ALLEN BROTHERS, INC.**

By: _____
One of Its Attorneys

Charles B. Leuin (ARDC No. 6225447)
Tanisha R. Jones (ARDC No. 6283173)
Matthew S. Gray (ARDC No. 6286276)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 2500
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2007, I electronically filed the foregoing **Emergency Motion for Clarification and To Stay Expedited Discovery** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered parties.

By: /s/ Charles B. Leuin
One of Its Attorneys

Charles B. Leuin (ARDC No. 6225447)
Tanisha R. Jones (ARDC No. 6283173)
Matthew S. Gray (ARDC No. 6286276)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 2500
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435

*Attorneys for Defendant Allen Brothers, Inc.*