IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROMINENT CONSULTING, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ALLEN BROTHERS, INC.,<br><br>  Defendant. | No. 07 C 6357<br><br>Judge Castillo<br><br>Magistrate Judge Denlow |

**PROMINENT CONSULTING, LLC'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION FOR CLARIFICATION AND TO STAY EXPEDITED DISCOVERY, AND CROSS-MOTION TO COMPEL COMPLIANCE WITH ORDER FOR EXPEDITED DISCOVERY**

Plaintiff, Prominent Consulting, LLC ("Prominent"), by its attorneys, hereby responds to the Emergency Motion for Clarification and to Stay Expedited Discovery ("Emergency Motion") filed by Defendant Allen Brothers, Inc. ("Allen Brothers"), and respectfully requests that the Court (a) deny Allen Brothers' motion to stay expedited discovery, and (b) compel Allen Brothers' compliance with the Court's November 20, 2007 Order expressly allowing expedited discovery. In support, Allen Brothers states as follows:

1.  On November 20, 2007, the Court held a hearing on Prominent's motion for a temporary restraining order. The Court denied Prominent's motion but granted Prominent leave to take expedited discovery, including depositions. (*See* Minute Order dated November 20, 2007.) During the hearing, the Court also raised the issue of abstention and invited Allen Brothers to file a brief on the issue. The Court was thus aware that Allen Brothers would likely move for abstention at the time it gave Prominent leave to take expedited discovery, but granted

such leave anyway. Since the Court's entry of that Order on November 20, Allen Brothers has not complied with *any* discovery issued to it.

2. To the extent the Court did not already take a possible motion for abstention into consideration when it granted Prominent leave to take expedited discovery, a stay of expedited discovery is not warranted.

3. First, Prominent should be entitled to test the information Allen Brothers submitted in support of its opposition to Prominent's motion for temporary restraining order, which raised substantial questions about Allen Brothers' copying and use of Prominent's source code. All of the requested discovery and depositions relate directly to the information submitted by Allen Brothers in its opposition papers. (Copies of the discovery issued by Prominent are attached as Group Exhibit 1.) This includes the Yahoo! subpoena which goes directly to the issue of what source code has been used to run Allen Brothers' website on different dates so that the extent of Allen Brothers' copying, and potential continued copying, of the source code in question can be determined.

4. Second, contrary to Allen Brothers' argument, the requested discovery would not be "wasteful" if the Court were to abstain from hearing this case. Regardless of whether Prominent's copyright infringement claim is heard in federal or state court, Prominent is proceeding with its claims and its discovery requests (including depositions), and the cost connected to engaging in this discovery will be incurred regardless of the outcome of the abstention motion.

5. Third, contrary to Allen Brothers' argument, the requested discovery is not unduly burdensome or expensive. Prominent's discovery requests are limited to the issues raised

by Allen Brothers in the affidavits submitted in opposition to Prominent's TRO motion, and the parties expressly agreed to limit depositions to those topics. (Attached as Exhibit 2 is correspondence between counsel for Prominent and Allen Brothers regarding the scope of depositions.)[1]

6. Fourth, Allen Brothers promised to respond to Prominent's discovery requests by *today* (see Correspondence from Allen Brothers' counsel attached as Group Exhibit 3). Thus, Allen Brothers should have already completed most of the work required to compile responsive information. Likewise, the third party subpoena respondents are expected to produce documents later this week in anticipation of depositions next week.

7. Fifth, while Allen Brothers takes issue with Prominent deposing "non-part[ies]," these are the witnesses Allen Brothers chose to present in support of its opposition to Prominent's TRO motion. Allen Brothers surely knew there was a reasonable possibility that these witnesses would be examined under oath within a short time frame, and the Court explicitly authorized Prominent to take these depositions.

8. Sixth, that Allen Brothers chose to include an affidavit from a witness in Pennsylvania is not Prominent's fault. Prominent will gladly depose this individual in Chicago if Allen Brothers can make him available here. Moreover, Allen Brothers never previously claimed that this or any other deposition was a "burden," but rather only asked that depositions

---

[1] Notwithstanding the Court's express order that Prominent had leave to depose the individuals who submitted affidavits in support of Allen Brothers' TRO opposition papers, Allen Brothers baselessly accused Prominent's counsel of wanting to "harass" Todd Hatoff by its noticing of Hatoff's deposition. (See Allen Brother's counsel email dated November 21, part of Exhibit 2.) Hatoff submitted an affidavit and thus was squarely within the Court's November 20 Order.

be moved from this week due to lack of availability of one of Allen Brothers' attorneys—a request that Prominent agreed to even though discovery was to have been "expedited".

9. Seventh, Prominent's "notice to inspect" is merely intended to preserve electronically stored information on machines or devices within Allen Brothers' control that likely contain information relevant to the parties' claims and defenses. (See Correspondence from Prominent's counsel accompanying the Notice to Inspect, attached as Exhibit 4.) Although the parties have not yet worked out a protective order or protocol, there is nothing burdensome about requiring that electronically stored information be preserved.

10. Finally, expedited discovery is to Allen Brothers' advantage too, since it will give Allen Brothers an opportunity to corroborate the information it submitted in support of its TRO opposition memorandum, including its position that www.allenbrothers.com is not still infringing Prominent's source code.

WHEREFORE, Prominent prays for entry of an Order (a) denying Allen Brothers' Emergency Motion for Clarification and to Stay Expedited Discovery, (b) compelling Allen Brothers' compliance with all outstanding discovery issued to it, and (c) granting such other relief as the Court deems appropriate.

-5-

Dated: December 4, 2007

Respectfully submitted,

PROMINENT CONSULTING, LLC

By: s/James V. Garvey
      One of Its Attorneys

James V. Garvey, Bar No. 06224992
Michael J. Waters, Bar No. 06280008
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
T: 312-609-7712
F: 312-609-5005