IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROMINENT CONSULTING, LLC, | |
| Plaintiff, | |
| v. | No. 07 C 6357 |
| ALLEN BROTHERS, INC., | Judge Ruben Castillo |
| Defendant. | Magistrate Judge Morton Denlow |

## <u>NOTICE OF DEPOSITION</u>

| To: | Charles Leuin |
|---|---|
| | Greenberg Traurig, LLP |
| | 77 West Wacker Drive |
| | Chicago, Illinois 60601 |

PLEASE TAKE NOTICE that pursuant to applicable Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois, Plaintiff, by its attorneys, will take the deposition of **Todd Hatoff**, upon oral examination before an officer duly authorized to administer oaths, on **Monday, December 3, 2007 at 9:00 a.m.** The deposition shall take place at the offices of Vedder, Price, Kaufman & Kammholz, P.C., 222 North LaSalle Street, Chicago, IL 60601, and shall continue until completed.

Dated: November 20, 2007

Respectfully submitted,

PROMINENT CONSULTING, LLC,

By: _____
One of His Attorneys

James V. Garvey, Bar No. 06224992
Michael J. Waters, Bar No. 06280008
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
T: (312) 609-7500
F: (312) 609-5005

CHICAGO/#1716272.1

**EXHIBIT**
**1**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that a true and correct copy of **Notice of Deposition**

was served on:

> Charles Leuin
> Greenberg Traurig, LLP
> 77 West Wacker Drive
> Chicago, Illinois 60601

by hand delivery on this 20th day of November 2007 before the hour of 5:00 p.m.

James V. Garvey

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROMINENT CONSULTING, LLC,

      Plaintiff,

v.

ALLEN BROTHERS, INC.,

      Defendant.

No. 07 C 6357

Judge Ruben Castillo

Magistrate Judge Morton Denlow

## AMENDED NOTICE OF DEPOSITION

| To: | Charles Leuin<br>Greenberg Traurig, LLP<br>77 West Wacker Drive<br>Chicago, Illinois 60601 |
|-----|---------------------------------------------|

     PLEASE TAKE NOTICE that pursuant to applicable Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois, Plaintiff, by its attorneys, will take the deposition of **Todd Hatoff**, upon oral examination before an officer duly authorized to administer oaths, on **Tuesday, December 11, 2007 at 9:00 a.m.** The deposition shall take place at the offices of Vedder, Price, Kaufman & Kammholz, P.C., 222 North LaSalle Street, Chicago, IL 60601, and shall continue until completed.

Dated: November 28, 2007

Respectfully submitted,

PROMINENT CONSULTING, LLC,

By: _____
      One of Its Attorneys

CHICAGO/#1720059.1

James V. Garvey, Bar No. 06224992
Michael J. Waters, Bar No. 06280008
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
T: (312) 609-7500
F: (312) 609-5005

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of **Amended Notice of Deposition** was served on:

Charles Leuin
Greenberg Traurig, LLP
77 West Wacker Drive
Chicago, Illinois 60601

by facsimile and U.S. Mail (by depositing same in the mail chute located at 222 North LaSalle Street, Chicago, Illinois) on this 28th day of November 2007.

James V. Garvey

CHICAGO/#1720059.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROMINENT CONSULTING, LLC,

        Plaintiff,

v.

ALLEN BROTHERS, INC.,

        Defendant.

No. 07 C 6357

Judge Castillo
Magistrate Judge Denlow

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Prominent Consulting, LLC ("Prominent"), by its attorneys, pursuant to Federal Rule of Civil Procedure 34 and the Court's Order in this action dated November 20, 2007, hereby requests that Defendant, Allen Brothers, Inc. ("Allen Brothers"), produce the following documents listed in its possession, custody or control, by November 27, 2007.

## Definitions and Instructions

1.    "Complaint" means the Complaint filed by Prominent in this action and any amendments thereto.

2.    "Affidavit" means the Affidavit of Todd Hatoff filed by Allen Brothers in this action in support of Allen Brothers' Brief in Opposition to Prominent's Motion for Temporary Restraining Order and Preliminary Injunction.

3.    "Document" means any writing, graphic matter or other tangible thing, whether printed, recorded, electronically stored, produced by any process, or written or produced by hand, including, but not limited to correspondence, letters, memoranda, notes, records, summaries, records of oral conversations, original or preliminary notes, diaries, calendars,

analyses, projections, ledgers, work papers, photographs, tape recordings, video tapes, computer hard drives or disks, source code, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, non-protected opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in your possession, custody or control, or the possession, custody or control of your counsel, evaluation consultants, agents, employees and/or persons acting on your behalf.

4.      Pursuant to Federal Rule of Civil Procedure 34(b), electronically stored information produced should be produced on a machine readable and searchable compact disc.

5.      The term "communication" means any transmission of words or thoughts between or among two or more persons and includes, but is not limited to spoken words, conversations, inquiries, understandings, agreements, meetings, conferences, discussions, talks and reports, whether transmitted in person or by any electronic device such as telephone, facsimile, e-mail or radio, and documents as defined above.

6.      As used herein, "control" means actual possession, constructive possession, beneficial ownership, power and ability to obtain any document.

7.      The phrases "reflecting," "referring to" or "relating to" mean having any connection, association or concern with or any relevance, relation, pertinence, or applicability to or any implication bearing on the subject matter, whether directly or indirectly.

CHICAGO/#1718031.1

8.      For the purpose of these document requests, the word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and." Words in the singular shall be interpreted to include the plural and words in the plural shall be interpreted to include the singular. A masculine, feminine or neuter form of a word shall be interpreted to include the other genders. The use of any tense of any verb shall be interpreted to include all other tenses.

9.      Allen Brothers is required to identify and provide an identification log in accordance with the Federal Rules of Civil Procedure for any documents responsive to these requests which are withheld from discovery under any claim of privilege including, but not limited to, the attorney-client privilege and/or the work product doctrine.

10.     These requests for production of documents are continuing in nature and require supplemental response if Allen Brothers obtains further information between the time of compliance and the trial of the case.

## Documents to be Produced

1.      All documents relating to Allen Brothers' retention of The Rimm-Kaufman Group to perform any programming work relating to www.allenbrothers.com, including documents showing the date Allen Brothers first contacted, or was contacted by, any person associated with The Rimm-Kaufman Group to perform such work.

2.      All documents relating to Allen Brothers' retention of Solid Cactus, Inc. to perform any programming work relating to www.allenbrothers.com, including documents showing the date Allen Brothers first contacted, or was contacted by, any person associated with Solid Cactus, Inc. to perform such work.

3.    All documents relating to Allen Brothers' retention of Nik Krimm to perform any programming work relating to www.allenbrothers.com, including documents showing the date Allen Brothers first contacted, or was contacted by, Nik Krimm or any person associated with him to perform such work.

4.    All documents, including without limitation internal communications within Allen Brothers, relating to any source code used by Allen Brothers for www.allenbrothers.com during any period of The Rimm-Kaufman Group's engagement.

5.    All documents, including without limitation internal communications within Allen Brothers, relating to any source code used by Allen Brothers for www.allenbrothers.com during any period of Solid Cactus, Inc.'s engagement.

6.    All documents, including without limitation internal communications within Allen Brothers, relating to any source code used by Allen Brothers for www.allenbrothers.com during any period of Nik Krimm's engagement.

7.    All documents showing all original and other work performed by anyone associated with The Rimm-Kaufman Group, Solid Cactus, Inc. or Nik Krimm in providing any programming or other services relating to www.allenbrothers.com, including all documents anyone associated with any of The Rimm-Kaufman Group, Solid Cactus, Inc. or Nik Krimm may have relied upon in performing such services.

8.    All quotes, proposals, bids, contracts, receipts, invoices, and any other documents identifying or relating to any services performed for Allen Brothers by any of The Rimm-Kaufman Group, Solid Cactus, Inc. or Nik Krimm.

- 4 -

9.    All communications between Allen Brothers and any person associated with The Rimm-Kaufman Group relating to any work performed by The Rimm-Kaufman Group or any other person or entity for www.allenbrothers.com.

10.    All communications between Allen Brothers and any person associated with Solid Cactus, Inc. relating to any work performed by Solid Cactus, Inc. or any other person or entity for www.allenbrothers.com.

11.    All communications between Allen Brothers and Nik Krimm or any person associated with him relating to any work performed by Nik Krimm or any other person or entity for www.allenbrothers.com.

12.    All communications between Allen Brothers and any other person or entity relating to any work performed by The Rimm-Kaufman Group, Solid Cactus, Inc., Nik Krimm or any other person or entity for www.allenbrothers.com.

13.    All communications between Allen Brothers and any of The Rimm-Kaufman Group, Solid Cactus, Inc., Nik Krimm or any other person or entity relating or referring in any way to Prominent or any source code or other intellectual property of Prominent.

14.    All documents relating to Allen Brothers' decision to "replace the website designed by Prominent on an emergency basis with a new website developed by independent contractors," as set forth in paragraph 12 of the Affidavit.

Dated: November 20, 2007

Respectfully submitted,

PROMINENT CONSULTING, LLC

By: _____
                One of Its Attorneys

James V. Garvey, Bar No. 06224992
Michael J. Waters, Bar No. 06280008
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
T: 312-609-7712
F: 312-609-5005

- 6 -

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of **Plaintiff's First Request for Production of Documents** was served on:

> Charles Leuin
> Greenberg Traurig, LLP
> 77 West Wacker Drive
> Chicago, Illinois 60601

by hand delivery on this 20th day of November 2007 before the hour of 5:00 p.m.

James V. Garvey

- 7 -

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Middle _____ DISTRICT OF _____ Pennsylvania

Prominent Consulting, LLC,

V.

Allen Brothers, Inc.,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07 C 6357

NORTHERN DISTRICT OF ILLINOIS

TO:  Miguel Younger
Solid Cactus Inc.,
100 N.Wilkes Barre Blvd. Suite 175
Wilkes-Barre, PA 18782

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Solid Cactus Inc., 100 N. Wilkes Barre Blvd. Suite 175, Wilkes-Barre, Pennsylvania 18782 | DATE AND TIME 12/7/2007 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Rider.

| PLACE   Attn: James V. Garvey, Vedder, Price, Kaufman & Kammholz, P.C., 222 N. LaSalle Street, Chicago, Illinois 60601-1003 | DATE AND TIME 12/7/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 11/20/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James V. Garvey, Vedder, Price, Kaufman & Kammholz, 222 N. LaSalle Street, Chicago, Illinois 60601-1003

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  | 100 N.Wilkes Barre Blvd. Suite 175<br>Wilkes-Barre, PA 18782 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Miguel Younger | FEDERAL EXPRESS |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| James V. Garvey | Attorney |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    11/20/07

DATE

SIGNATURE OF SERVER

222 N. LaSalle, Chicago IL 60601-1003

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Rider to Subpoena to Miguel Younger of Solid Cactus, Inc.

Any and all documents in your possession, custody or control, whether in hard copy or electronically stored, relating to any work performed for Allen Brothers, Inc. ("Allen Brothers") including relating in any way to www.allenbrothers.com, including but not limited to:

     (a)    All documents relating to Solid Cactus, Inc.'s retention to perform such work, including documents showing the date you or anyone else associated with Solid Cactus, Inc. first communicated with Allen Brothers about the possibility of performing such work.

     (b)    All documents relating to any source code being used by Allen Brothers prior to Solid Cactus, Inc.'s engagement.

     (c)    All documents relating to any source code being used by Allen Brothers during any period of Solid Cactus, Inc.'s engagement.

     (d)    All documents showing all original and other work performed by you or anyone else associated with Solid Cactus, Inc. in providing such services, including all documents you relied upon in performing such services.

     (e)    All quotes, proposals, bids, contracts, receipts, invoices, and any other documents identifying any services proposed to be performed or performed, or which were sent to Allen Brothers for services performed.

     (f)    All communications between you and Allen Brothers in relation to such work.

     (g)    All communications between you and Nik Krimm in relation to such work.

     (h)    All communications between you or any other person associated with Solid Cactus, Inc. and any other person or entity in relation to such work.

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

|  Northern | DISTRICT OF | Illinois |

Prominent Consulting, LLC,

V.

Allen Brothers, Inc.,

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 07-C-6357

TO:  Nik Krimm
4141 N. Ridgeway Ave.
Chicago IL 60618

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    Vedder, Price, Kaufman & Kammholz, P.C., 222 N. LaSalle Street, Chicago, Illinois 60601-1003 | DATE AND TIME  12/5/2007 9:00 am |
| --- | --- |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Rider.

| PLACE    Attn: James V. Garvey, Vedder, Price, Kaufman & Kammholz, P.C., 222 N. LaSalle Street, Chicago, Illinois 60601-1003 | DATE AND TIME  12/5/2007 9:00 am |
| --- | --- |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  11/20/07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James V. Garvey, Vedder, Price & Kammholz, 222 N. LaSalle Street, Chicago, Illinois 60601-1003

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | 4141 N. Ridgeway Ave. Chicago IL 60618 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Nik Krimm | FEDERAL EXPRESS |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| James V. Garvey | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    11|20|07
                        DATE

                SIGNATURE OF SERVER

222 N. LaSalle Street, Chicago IL 60601-1003

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Rider to Subpoena Directed to Nik Krimm

Any and all documents in your possession, custody or control, whether in hard copy or electronically stored, relating to any work you performed in your capacity as a website programmer for Allen Brothers, Inc. ("Allen Brothers") including on the shipping calendar for the Allen Brothers' website or otherwise relating in any way to www.allenbrothers.com, including but not limited to:

(a)    All documents relating to your retention to perform such work.

(b)    All documents relating to any source code being used by Allen Brothers prior to your engagement.

(c)    All documents relating to any source code being used by Allen Brothers during any period of your engagement.

(d)    All documents showing all original and other work performed by you in providing such services, including all documents you relied upon in performing such services.

(e)    All quotes, proposals, bids, contracts, receipts, invoices, and any other documents identifying any services proposed to be performed or performed, including in relation to the shipping calendar for the Allen Brothers' website, or which were sent to Allen Brothers for services performed.

(f)    All communications between you and Allen Brothers in relation to such work.

(g)    All communications between you and Solid Cactus, Inc. in relation to such work.

(h)    All communications between you and any other person or entity in relation to such work.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that a true and correct copies of **Subpoenas** directed to

**Miguel Younger of Solid Cactus, Inc.** and **Nik Krimm** were served on:

> Charles Leuin
> Greenberg Traurig, LLP
> 77 West Wacker Drive
> Chicago, Illinois 60601

by hand delivery on this 20th day of November 2007 before the hour of 5:00 p.m.

James V. Garvey

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROMINENT CONSULTING, LLC,

        Plaintiff,

v.

ALLEN BROTHERS, INC.,

        Defendant.

No. 07 C 6357

Judge Ruben Castillo

Magistrate Judge Morton Denlow

## PLAINTIFF'S NOTICE TO INSPECT AND COPY DIRECTED TO ALLEN BROTHERS, INC.

Plaintiff, Prominent Consulting, LLC ("Prominent"), pursuant to Federal Rule of Civil Procedure 34 and pursuant to the Court's Order in this action dated November 20, 2007, requests that Defendant, Allen Brothers, Inc. ("Allen Brothers"), make available for inspection and copying, within seven (7) days of the date of service of this request, the following objects or tangible things.

### Objects or Tangible Things to be Produced

1.      The computer hard drives and any other storage media in the possession of or used by Todd Hatoff, Jan Baiden, Billy Houston, Mark Felix, Saul Cyvas, Scott Marland and/or Lisa Ramos which, for the period January 1, 2005 to the present, were used or are currently being used, in connection with the business of Allen Brothers, including without limitation devices such as file servers and email servers, that would contain electronically stored documents, communications, images, graphs, or any other medium relevant to the Allen Brothers' website.

Dated: November 21, 2007

Respectfully submitted,

PROMINENT CONSULTING, LLC

By: _____

One of Its Attorneys

James V. Garvey, Bar No. 06224992
Michael J. Waters, Bar No. 06280008
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
T: (312) 609-7500
F: (312) 609-5005

CHICAGO/#1566686.3

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of **Notice to Inspect and Copy Directed to Allen Brothers, Inc.,** was served on:

> Charles Leuin
> Greenberg Traurig, LLP
> 77 West Wacker Drive
> Chicago, Illinois 60601

by facsimile and U.S. Mail on this 21th day of November 2007 before the hour of 6:00 p.m.

James V. Garvey

CHICAGO/#1718263.1

Issued by the

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

### SUBPOENA IN A CIVIL CASE

PROMINENT CONSULTING, LLC

v.

ALLEN BROTHERS, INC.

CASE NUMBER: 07 C 6357
Northern District of Illinois

Judge Ruben Castillo

Magistrate Judge Morton Denlow

TO:
Custodian of Records
Yahoo! Inc.
701 First Avenue
Sunnyvale, CA 94089

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See attached Rider to Subpoena

| PLACE | DATE AND TIME |
|---|---|
| Cattey Law Offices<br>1395 San Carlos Avenue, Suite C2<br>San Carlos, CA 94070 | December 12, 2007 |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more offices, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| _[signature]_ , Attorney for Plaintiff | November 27, 2007 |

Issuing Officer's Name, Address and Phone Number

Michael J. Waters, Esq., Vedder, Price, Kaufman & Kammholz, P.C., 222 North LaSalle Street, Chicago, Illinois 60601 (312) 609-7500

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| November 27, 2007 | Sunnyvale, CA |

SERVED

SERVED ON (PRINT NAME)

Yahoo! Inc. c/o Custodian of Records

MANNER OF SERVICE

Federal Express

SERVED BY (PRINT NAME)

Michael J. Waters

TITLE

Attorney

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on November 27, 2007

SIGNATURE OF SERVER

222 N. LaSalle St., Chicago, IL

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SUBPOENA RIDER

### Instructions

1.  Production should be made via compact disc or DVD-ROM to the extent possible.

2.  If any privilege is claimed as to any information requested herein, state specifically the nature of the privilege claimed and identify by author, recipients, and date of the specific documents being withheld due to the claimed privilege.

3.  If any document(s) responsive to these Requests has been destroyed, please describe the document and the date and circumstances surrounding its destruction.

### Documents Requested

1.  All files uploaded, created, or stored for the website www.allenbrothers.com and for the account that manages this website, including but not limited to HTML, Cascading Style Sheets, JavaScript files as it existed on the following dates: July 15, 2007, August 1, 2007, August 15, 2007, September 1, 2007, September 15, 2007, September 29, 2007, October 6, 2007, October 13, 2007, October 20, 2007, October 27, 2007, November 3, 2007, November 5, 2007, November 7, 2007, November 10, 2007, November 19, 2007 and November 27, 2007.

2.  Access logs, including actions, timestamps and IP addresses used to access the account that administers and manages the www.allenbrothers.com website from the initial date the account was created through November 27, 2007.