IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PROMINENT CONSULTING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6357 |
| | ) | |
| ALLEN BROTHERS, INC., | ) | Judge Ruben Castillo |
| | ) | |
| Defendant. | ) | Magistrate Judge Morton Denlow |

**REPLY BRIEF IN SUPPORT OF ALLEN BROTHERS' MOTION
FOR CLARIFICATION AND TO STAY EXPEDITED DISCOVERY**

Prominent Consulting, LLC ("Prominent") continues to seek to impose on Allen Brothers, Inc. ("Allen Brothers") the business disruption and substantial expense of expedited discovery -- discovery that even Prominent does not deny is extensive -- despite a laundry list of facts that weigh against continuing expedited discovery during the pendency of the Court's consideration of Allen Brothers' motion for abstention (the "Abstention Motion"). Those facts include the following:

- Briefing on the Abstention Motion will be complete on January 4, 2008.
- The Court very well may abstain from exercising jurisdiction and stay this matter given the existence of a parallel state court case between the parties (the "State Court Action").
- The Court's Order of December 3, 2007 vacated all case management dates that had been set in this matter.
- The month in which Prominent seeks to press this expedited discovery is the busiest time of year for Allen Brothers and its personnel whose attention will be diverted by the discovery.
- Prominent still has failed to demonstrate any exigency in this matter.[1]
- Prominent has initiated overlapping discovery in the State Court Case specifically relating to Allen Brothers' website also at issue in this matter.

---

[1] The most that Prominent can even muster for an argument as to why expedited discovery would be appropriate prior to resolution of the Abstention Motion is to refer to *potential* continued copying on Allen Brothers' current website. Resp. at 2. Being that the website at issue uses open source code, which can be viewed from the web pages at issue, no discovery is necessary to compare Allen Brothers' current website with Prominent's supposedly protected code.

In its response, Prominent doggedly argues that it should be permitted to pursue discovery on an expedited basis prior to the Court determining if this matter will proceed and despite Prominent having initiated discovery in the State Court Action specifically relating to the development of the Allen Brothers website at issue in this case. Prominent's continued pursuit of disruptive expedited discovery appears to relate more to a desire to cause at least a measure of the business interference and harm it was unable to achieve by its unsuccessful TRO motion than to any real need for expedited discovery. Prominent identifies no justification for proceeding with its extensive expedited discovery in light of the Court's impending ruling on whether this matter will continue at all.

**Expedited Discovery Is Not Warranted In Light of the Court's December 3, 2007 Order and the Short Briefing Schedule on the Abstention Motion**

Prominent tries to make much of the fact that the Court's November 20, 2007 Order allowed Prominent to take expedited discovery. However, Prominent ignores at least two facts in making that argument: (1) the Order entered by the Court on December 3, 2007 provides that all briefing on the Abstention Motion will be complete by January 4, 2008; and (2) the December 3, 2007 Order vacated the case management dates set by the Court on November 20, 2007, which had provided for a joint status report from the parties on December 11, 2007 (that would have addressed discovery issues) and a case management conference on December 12, 2007.

The near-term completion of briefing on the Abstention Motion, the potential stay of this action based on that motion and the Court having vacated the case management schedule set in this matter all support staying expedited discovery to allow the Court to determine first whether it will exercise jurisdiction to permit this matter to continue. In the interest of economy and to avoid unnecessary litigation, courts routinely stay discovery while

considering threshold issues, including jurisdictional questions, that introduce the possibility that the matter will not even proceed. *See Smith v. Salish Kootenai College*, 2003 WL 24868920, *3 (D. Mont. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)) ("Trial Courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Sprague v. Brook,* 149 F.R.D. 575, 577 (N.D. Ill. 1993) (staying discovery during pendency of motion to dismiss raising jurisdictional questions where allowing discovery to proceed would result in cost and inconvenience and impose undue burden on defendant); *Weisman v. Mediq, Inc.*, 1995 WL 273678, *2 (E.D. Pa. 1995) (finding that where a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay).

### The Expedited Discovery Sought By Prominent Is Burdensome and That Burden is Not Justified In Light of the Abstention Motion

Virtually all of the arguments made by Prominent in claiming the right to press forward with expedited discovery despite the pending Abstention Motion seek to defend the substance of Prominent's proposed discovery. For example, Prominent argues that the discovery it has requested is not unduly burdensome or expensive. However, those arguments miss the point. Allen Brothers has not taken the position that all of the discovery served by Prominent is objectionable (although some of it certainly is) or irrelevant. Instead, Allen Brothers objects to the timing of Prominent's discovery requests and Prominent's attempt to pursue burdensome and expensive discovery despite the significant and real question as to

3

whether this Court will exercise its discretion to allow this matter to continue.[2] It seems beyond dispute that in the event the Abstention Motion is granted and this matter is stayed, it would not have been an efficient use of the Court's or the parties' resources to have proceeded with discovery on an expedited basis while the motion was pending. Because of the lack of a countervailing argument by Prominent for proceeding with expedited discovery, the Court should be permitted to determine the Abstention Motion without simultaneous expedited discovery. *See Sprague,* 149 F.R.D. at 577.

One of the many ways that staying Prominent's expedited discovery until the Court determines the Abstention Motion promotes efficiency is by avoiding Court involvement to resolve discovery disputes that are likely to occur given Prominent's demands. For example, Prominent claims that it is entitled to inspect ***and copy*** the entire hard disk drives of any computers used by seven different Allen Brothers employees (regardless of the extensive confidential business information that will be reflected on those computers). *See* Group Ex. 1 to Prominent's Resp., Notice to Produce and Inspect. However, the Advisory Committee Notes to Rule 34 of the Federal Rules of Civil Procedure make clear that the recently amended rule is "not meant to create a routine right of direct access to a party's electronic information system." Similarly, given the utter disregard already demonstrated by the principals of Prominent for the confidentiality of Allen Brothers' business information, Allen Brothers intends to seek a highly restrictive protective order prior to the production of any documents containing Allen Brothers proprietary information. Particularly given Prominent's argument to this Court that its discovery is reasonable and necessary, those issues, as well as

---

[2] Because they miss the point, Allen Brothers does not respond to the numerous arguments raised by Prominent that simply assume expedited discovery to be appropriate and then contend that particular discovery requests are proper or try to find fault with Allen Brothers' position on specific aspects of expedited discovery sought by Prominent. The relevant question is the one that Prominent seeks to assume away: is expedited discovery appropriate in the face of the pending Abstention Motion.

others, very well could result in discovery disputes that, at the least, will require the parties to devote significant additional time and also could result in motion practice before this Court.

Given that the Abstention Motion could dispose of this matter, it is particularly appropriate to stay expedited discovery because of the additional disruption such discovery will cause in Allen Brothers' business during its single most important month of the year. As established in Allen Brothers' TRO opposition papers, Allen Brothers does between 40% and 50% of its business during the fourth quarter of the year. The unique burden imposed by requiring Allen Brothers' personnel to engage in a significant search for documents and Allen Brothers' President to prepare and sit for deposition at this time of year is not justified by any facts identified by Prominent.

### If Prominent's Intellectual Property Claims Will Proceed in State Court Rather Than Federal Court, All Discovery on Those Claims Should Occur in State Court

The fact that Prominent now has actually pursued discovery in the State Court Action relating to the issues Prominent has raised in this case amounts to a concession that discovery can and should proceed in the State Court Action rather than here, at least until the Abstention Motion is resolved. On December 6, 2007, Prominent served upon Allen Brothers discovery requests in the State Court Action that seek documents specifically relating to the issues in dispute in this matter. (*See* Exhibit A, Defendants' First Request to Produce in the State Court Action; Exhibit B, Defendants' First Set of Interrogatories in the State Court Action.) For example, Prominent has sought in the State Court Action all contracts and agreements between Allen Brothers and any entity used for "web development services" as well as any communications between Allen Brothers and any such entity. Ex. A, Req. No. 2. The documents sought by that request include precisely the same documents Prominent has sought in its expedited discovery in this matter. (*See also* Ex. A, Req. 3, relating to Nik Krimm, who

5

is the subject of seven of Prominent's document requests in this matter; Ex. A, Req. 48, seeking precisely the same data, word-for-word, as sought in Prominent's Notice to Inspect and Produce in this matter; Ex. B, Interrogs. 15, 19, 21, relating to operation of Allen Brothers website.)

By its discovery in the State Court Action, Prominent concedes that the state court is an appropriate forum for discovery on the issues involved in this matter. Prominent should not be allowed to force Allen Brothers to respond to discovery in both forums when this matter may not go forward. *See R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F. Supp. 1499 (N.D. Ill. 1990) (plaintiff was not significantly disadvantaged by discovery stay in light of substantial discovery already undertaken in parallel state litigation).

It is no valid response for Prominent to claim that the discovery sought in this matter can be used in the State Court Action if this matter is stayed. Prominent overlooks the fact that an entirely different set of procedural rules apply to discovery in this Court than would apply in the State Court Action. There are significant and meaningful differences in the rules governing discovery in the two forums. For example, while depositions in federal court has a time limit of seven hours, the limit in Illinois state court is three hours. *See* Illinois Supreme Court Rule 206(d). Moreover, entirely different bodies of case law inform the appropriate boundaries of discovery in state court and in federal court.

There is no exigency or facts identified by Prominent justifying the significant burden that will be imposed by allowing Prominent to pursue expedited discovery in this matter in light of the pending Abstention Motion. Should that motion be granted, the pursuit of the discovery at issue on an expedited basis will have been wasteful and unnecessary. Should that motion be denied, Prominent can proceed with its discovery at that time and has

identified no prejudice that will result. For the reasons set forth herein and in Allen Brothers' motion, Allen Brothers respectfully requests that this Court stay expedited discovery in this matter pending resolution of the Abstention Motion.

Dated: December 7, 2007                             Respectfully submitted,

                                                              **ALLEN BROTHERS, INC.**

                                                              By:   /s/Charles B. Leuin
                                                                        One of Its Attorneys

Charles B. Leuin (ARDC No. 6225447)
Tanisha R. Jones (ARDC No. 6283173)
Matthew S. Gray (ARDC No. 6286276)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 2500
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 7, 2007, I electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF ALLEN BROTHERS' MOTION FOR CLARIFICATION AND TO STAY EXPEDITED DISCOVERY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered parties.

      By:   /s/      Charles B. Leuin
                    One of Its Attorneys

Charles B. Leuin (ARDC No. 6225447)
Tanisha R. Jones (ARDC No. 6283173)
Matthew S. Gray (ARDC No. 6286276)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 2500
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435

*Attorneys for Defendant Allen Brothers, Inc.*