# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ALLEN BROTHERS, INC., | |
| Plaintiff, | |
| v. | Case No. 07 CH 11877 |
| SCOTT MARLAND, DEBBIE MARLAND, PROMINENT CONSULTING, LLC, KURT SEIDENSTICKER, and ECHOMOUNTAIN LLC, | |
| Defendants. | |

## DEFENDANTS' FIRST REQUEST TO PRODUCE TO ALLEN BROTHERS, INC.

Defendants Prominent Consulting, LLC ("Prominent"), Kurt Seidensticker ("Seidensticker"), and echoMountain, LLC ("echoMountain"), by their attorneys, pursuant to Illinois Supreme Court Rule 214, hereby requests that Plaintiff, Allen Brothers, Inc., produce the following documents and other tangible things, within 28 days hereof.

### Definitions and Instructions

1. "Allen Brothers" means Plaintiff Allen Brothers, Inc. and all of its current and former shareholders, directors, officers, employees, attorneys and agents.

2. "Complaint" means the Second Amended Complaint Allen Brothers filed in this action as well as any later amendments thereto.

3. "Document" means any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, but not limited to correspondence, letters, memoranda, notes, records, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, video tapes, computer hard drives or disks, statistical

statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in your possession, custody or control, or the possession, custody or control of your counsel, evaluation consultants, agents, employees and/or persons acting on Allen Brothers' behalf.

4. The term "communication" means any transmission of words or thoughts between or among two or more persons and includes, but is not limited to spoken words, conversations, inquiries, understandings, agreements, meetings, conferences, discussions, talks and reports, whether transmitted in person or by any electronic device such as telephone, facsimile, e-mail or radio, and documents as defined above.

5. As used herein, "control" means actual possession, constructive possession, beneficial ownership, power and ability to obtain any document.

6. The phrases "reflecting," "referring to" or "relating to" mean having any connection, association or concern with or any relevance, relation, pertinence, or applicability to or any implication bearing on the subject matter, whether directly or indirectly.

7. For the purpose of these interrogatories, the word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and." Words in the singular shall be interpreted to include the plural and words in the plural shall be interpreted to include the singular. A masculine, feminine or neuter form of a word shall be interpreted to include the other genders. The use of any tense of any verb shall be interpreted to include all other tenses.

8. Allen Brothers is required to identify and provide an identification log in accordance with the Illinois Rules of Civil Procedure and/or the Illinois Supreme Court Rules for any documents responsive to these requests which are withheld from discovery under any claim of privilege including, but not limited to, the attorney-client privilege and/or the work product doctrine.

9. These document requests are continuing in nature and require supplemental response if Allen Brothers or its counsel obtains further documents between the time of initial compliance and the trial of the case.

### Documents and Tangible Things to be Produced

1. All contracts and agreements of any kind (e.g., employment, consulting, independent contractor, purchase order, etc.) in effect between January 2005 and the present between Allen Brothers and any third person or entity (i.e., not including any defendant in this action) who performed or is performing any information technology, network, and/or email services of any kind for Allen Brothers, and for the period January 2005 to the present all documents reflecting or relating to any communications between or among Allen Brothers and any such person or entity.

2. All contracts and agreements of any kind in effect between January 2005 and the present between Allen Brothers and any third person or entity (i.e., not including any defendant in this action) who performed or is performing web development services of any kind for Allen Brothers, and for the period January 2005 to the present all documents reflecting or relating to any communications between or among Allen Brothers and any such person or entity.

3. To the extent not produced in response to Request Nos. 1 or 2, for the period January 2005 to the present all invoices, communications, meeting minutes, and other documents

pertaining to any information technology, network, email, and/or web development services of any kind requested by Allen Brothers or performed for Allen Brothers by any third person or entity (i.e., not including any defendant in this action), including but not limited to all such services provided by Netrix, LLC, Sam Muhsen and Nik Krimm.

4. For the period January 2005 to the present, all communications of any kind between Allen Brothers and any third person or entity (i.e., not including any defendant in this action) relating in any way to such person or entity *potentially* providing web development services of any kind for Allen Brothers.

5. All documents relating to Allen Brothers' efforts of any kind to maintain as confidential each piece of Confidential Information (as defined in the Complaint) or any trade secret Allen Brothers contends was disclosed by any of Prominent, Seidensticker and/or echoMountain.

6. All documents relating to any damage or loss of any kind allegedly incurred or sustained by Allen Brothers as a result of the April Seidensticker Email (as defined in the Complaint), including without limitation any monetary damage or loss for which Allen Brothers seeks or may seek recovery in this action.

7. All documents relating to any damage or loss of any kind allegedly incurred or sustained by Allen Brothers as a result of the May Seidensticker Emails (as defined in the Complaint), including without limitation any monetary damage or loss for which Allen Brothers seeks or may seek recovery in this action.

8. All documents relating to each and every alleged failure by Prominent to use good faith efforts in performing the Marketing Services, the Optimization Services, the Analytics

Services (all as defined in the Complaint), and/or any other services Allen Brothers alleges Prominent was obligated to perform.

9.   All documents relating to any damage or loss of any kind allegedly incurred or sustained by Allen Brothers as a result of each and every alleged failure by Prominent to use good faith efforts in performing the Marketing Services, the Optimization Services, the Analytics Services (all as defined in the Complaint), and/or any other services Allen Brothers alleges Prominent was obligated to perform, including without limitation any monetary damage or loss for which Allen Brothers seeks or may seek recovery in this action.

10.   All documents relating to each and every alleged refusal by Prominent to perform its obligations consistently with the course of performance under the Development Agreement (as defined in the Complaint).

11.   All documents relating to any damage or loss of any kind allegedly incurred or sustained by Allen Brothers as a result each and every alleged refusal by Prominent to perform its obligations consistently with the course of performance under the Development Agreement (as defined in the Complaint), including without limitation any monetary damage or loss for which Allen Brothers seeks or may seek recovery in this action.

12.   All documents relating to each and every other alleged breach by Prominent of the Development Agreement (as defined in the Complaint).

13.   All documents relating to any damage or loss of any kind allegedly incurred or sustained by Allen Brothers as a result each and every other alleged breach by Prominent of the Development Agreement (as defined in the Complaint), including without limitation any monetary damage or loss for which Allen Brothers seeks or may seek recovery in this action.

14. All documents relating to any person or entity hired or retained by Allen Brothers to perform or provide any product or service that otherwise would have been performed or provided by Prominent (whether under the Development Agreement or otherwise), including documents sufficient to show when each such person or entity was hired or retained, what they were hired or retained to do, and how much has been invoiced, paid or is due and owing with respect to same. If any such product or service has been provided by an Allen Brothers' employee (current or former), then produce any and all documents relating thereto.

15. Documents sufficient to show all payments made by Allen Brothers to Prominent under the Development Agreement (as defined in the Complaint), including documents sufficient to show the dates of such payments, the amounts of such payments, the calculations or other information or documents upon which such payments were based, and the services for which such payments were made. ***Such documents should be produced both in hard copy and in CD (machine readable and searchable) format.***

16. Documents sufficient to show all alleged "advances" made by Allen Brothers to Prominent under the Development Agreement (as defined in the Complaint), including documents sufficient to show the dates of such advances, the amounts of such alleged advances, the calculations or other information or documents upon which such advances were based, and the purposes for which such advances were made.

17. All documents relating to any and all alleged business lost by Allen Brothers as asserted in Paragraph 128 of the Complaint.

18. All documents relating to any and all of Allen Brothers' customer relationships eroded as asserted in Paragraph 128 of the Complaint.

19. All documents relating to any and all of Allen Brothers' vendor relationships eroded as asserted in Paragraph 128 of the Complaint.

20. All documents relating to any and all expense incurred in creating and implementing a new Web site by Allen Brothers as asserted in Paragraph 128 of the Complaint.

21. All documents reflecting any communications of any kind by and between Allen Brothers and Prominent, or between Allen Brothers and any other person or entity, relating to the iChieve Technology (as defined in the Complaint).

22. All documents relating to Allen Brothers' contention that Prominent and/or Seidensticker "interfered with Marland's performance of his duties and obligations under the Employment Agreement. . . " as asserted in Paragraph 147 of the Complaint.

23. All documents relating to Allen Brothers' alleged advancement to Prominent of "$178,559.86 for the sole and exclusive purpose of developing the iChieve Technology for Allen Brothers' benefit" as asserted in Paragraph 156 of the Complaint.

24. All documents relating to Allen Brothers' contention that Debbie Marland engaged in any spoliation of evidence, including all documents evidencing any actual spoliation by Debbie Marland.

25. All documents relating to Allen Brothers' contention that Prominent engaged in any spoliation of evidence, including all documents evidencing any actual spoliation by Prominent.

26. All documents relating to Allen Brothers' contention that Seidensticker engaged in any spoliation of evidence, including all documents evidencing any actual spoliation by Seidensticker.

27. All documents relating to Allen Brothers' contention that Prominent and Seidensticker made false representations to Todd Hatoff as asserted in Paragraph 168 of the Complaint.

28. All documents relating to Allen Brothers' contention that Prominent and Seidensticker "wrongfully diverted funds authorized to be used solely in Internet advertising campaigns on behalf of Allen Brothers" as asserted in Paragraph 171 of the Complaint.

29. All documents relating to Allen Brothers' contention that Prominent and Seidensticker "used [Optimization Services budget funds] for the benefit of another of Seidensticker's entities and an affiliate of Prominent, echoMountain" as asserted in Paragraph 172 of the Complaint.

30. For the period January 2005 to the present, documents sufficient to identify and show the calculation, on a month-by-month basis, of Net Sales (as defined in the Development Agreement) generated by the New Web Site (as defined in the Development Agreement). *Such documents should be produced both in hard copy and in CD (machine readable and searchable) format.*

31. For the period January 2005 to the present, documents sufficient to identify and show the calculation, on a week-to-week basis, of Net Sales (as defined in the Development Agreement) generated by www.allenbrothers.com but not through the New Web Site (as defined in the Development Agreement). *Such documents should be produced both in hard copy and in CD (machine readable and searchable) format.*

32. For the period January 2005 to the present, all "transaction data on and through the New Web Site" as referenced in Section 2.E. of the Development Agreement upon which

Performance Fees (as defined in the Development Agreement) are to be calculated. ***Such data should be produced both in hard copy and in CD (machine readable and searchable) format.***

33. All documents reflecting any communications of any kind between and among Allen Brothers (including its counsel) and Allen Berger that refer or relate in any way to any of Prominent, Seidensticker, echoMountain, and/or Laura Seidensticker. ***Such documents should be produced both in hard copy and in CD (machine readable and searchable) format.***

34. For the period January 2005 to the present, all written communications between and among Allen Brothers' shareholders, directors, officers, and/or employees relating in any way to Prominent, Seidensticker, echoMountain, and/or Laura Seidensticker, including without limitation any alleged wrongful conduct of any of such persons or entities. ***Such documents should be produced both in hard copy and in CD (machine readable and searchable) format.***

35. All written notices given by Allen Brothers to Prominent under or pursuant to the Development Agreement (as defined in the Complaint).

36. All documents relating to any effort of any kind by Allen Brothers to mitigate any alleged losses or damages sustained or incurred, or potentially to be sustained or incurred, as a result of any alleged wrongful conduct by any of Prominent, Seidensticker, and/or echoMountain.

37. All notes taken by any person associated in any way with Allen Brothers (including without limitation Todd Hatoff, Robert Hatoff, Allen Berger, Robert Schwimmer) relating to or in conjunction with any meeting between Allen Brothers and Prominent.

38. All documents relating to any surveillance of any kind (human, visual, electronic, wiretapping, etc.) by Allen Brothers on Seidensticker, Laura Seidensticker, or their family.

39. All documents produced to date in this action by any of Allen Brothers, Scott Marland, or Debbie Marland, whether pursuant to a notice to produce issued in this action or voluntarily produced.

40. All documents Allen Brothers relied upon or referred to in answering Prominent's First Set of Interrogatories to Allen Brothers (or in any subsequent set of interrogatories served in this action), or in answering Prominent's First Request to Admit to Allen Brothers (or in any subsequent set of requests to admit served in this action).

41. All documents produced to date by any person or entity, whether pursuant to notice, a subpoena issued in this action, or otherwise.

42. All statements and affidavits of any kind taken or obtained from any person relating in any way to any claims or defenses in this action.

43. All documents, including without limitation correspondence, notes, emails, etc., relating to or reflecting any interview or communication by Allen Brothers or its counsel of or with any person relating in any way to any claims or defenses in this action.

44. Copies of each and every document retention policy in place at Allen Brothers during the period January 2005 to the present.

45. Copies of each and every litigation hold memoranda Allen Brothers issued or distributed in connection with any claims or defenses asserted in this action, as well as documents sufficient to identify when each such memorandum was issued and the persons to whom each such memorandum was issued.

46. All documents, not produced in response to any prior Request herein, relating in any way to Allen Brothers' claims in the Complaint against any of Prominent, Seidensticker,

and/or echoMountain, or relating in any way to any defense raised by any defendant in this action.

47. Produce for inspection and copying all file servers and email servers that would contain electronically stored documents, communications, images, graphs, or any other medium which, during the period January 2005 to the present, were used or are currently being used in connection with Allen Brothers' business.

48. Produce for inspection and copying the computer hard drives and other storage media in the possession of or used by Todd Hatoff, Jan Baiden, Billy Houston, Mark Felix, Saul Cyvas, Scott Marland and/or Lisa Ramos which, for the period January 2005 to the present, were used or are currently being used in connection with Allen Brothers' business.

49. An affidavit consistent with Illinois Supreme Court Rule 214 stating whether Allen Brothers' production is complete in accordance with these Request.

Dated: December 6, 2007

Respectfully submitted,

PROMINENT CONSULTING, LLC, KURT SEIDENSTICKER, and ECHOMOUNTAIN, LLC

By: _____
One of Their Attorneys

James V. Garvey
Michael J. Waters
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
T: (312) 609-7500
F: (312) 609-5005