# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ALLEN BROTHERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT MARLAND, DEBBIE MARLAND, PROMINENT CONSULTING, LLC, KURT SEIDENSTICKER, and ECHOMOUNTAIN LLC, <br><br> Defendants. | Case No. 07 CH 11877 |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO ALLEN BROTHERS, INC.

Defendants Prominent Consulting, LLC ("Prominent"), Kurt Seidensticker ("Seidensticker"), and echoMountain, LLC ("echoMountain"), by their attorneys, pursuant to Illinois Supreme Court Rule 213, hereby requests that Plaintiff, Allen Brothers, Inc., answer the following interrogatories, under oath, within 28 days hereof.

### Definitions and Instructions

1. "Allen Brothers" means Plaintiff Allen Brothers, Inc. and all of its current and former shareholders, directors, officers, employees, attorneys and agents.

2. "Complaint" means the Second Amended Complaint Allen Brothers filed in this action as well as any later amendments thereto.

3. "Communication" means any transmission of words or thoughts between or among two or more persons and includes, but is not limited to spoken words, conversations, inquiries, understandings, agreements, meetings, conferences, discussions, talks and reports, whether transmitted in person or by any electronic device such as telephone, facsimile, e-mail or radio, and documents as defined above.

4.  "Control" means actual possession, constructive possession, beneficial ownership, power and ability to obtain any document.

5.  The phrases "reflecting," "referring to" or "relating to" mean having any connection, association or concern with or any relevance, relation, pertinence, or applicability to or any implication bearing on the subject matter, whether directly or indirectly.

6.  Whenever an interrogatory requests Allen Brothers to "state" or "describe," provide all information relating to the subject matter of the interrogatory, including a specification of dates of all events that relate to the subject matter of the interrogatory, the identity of all persons with knowledge of the facts that relate to such subject matter and the identity of all documents that refer to, relate to or contain information concerning the subject matter.

7.  "Identify" when used with respect to a document means to state the document's title or subject matter, author, addressee, recipient, date, present location, custodian and bates number designations, if any.

8.  "Identify" when used with respect to an individual means to state the individual's full name; present or last known employer, business address, telephone number, job title, job description; and present or last known residence address and residence telephone number.

9.  "Identify" when used with respect to a fact or allegation means to state the fact and summarize all evidence or information that supports the existence of the fact.

10. For the purpose of these interrogatories, the word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and." Words in the singular shall be interpreted to include the plural and words in the plural shall be interpreted to include the

singular. A masculine, feminine or neuter form of a word shall be interpreted to include the other genders. The use of any tense of any verb shall be interpreted to include all other tenses.

11.     These interrogatories are continuing in nature and require supplemental answer if Allen Brothers or its counsel obtains further information between the time of initial compliance and the trial of the case.

### Interrogatories

1.      For the period January 2005 to the present, identify (by name, address, telephone number, employer and title) every person and entity, whether employed by Allen Brothers or not, who performed any information technology, email, or network services of any kind, for Allen Brothers. For each person identified, state the nature of the person's duties and responsibilities with respect to any such services and the time period during which such person performed any such services.

2.      With respect to the April Seidensticker Email and the May Seidensticker Emails (as defined in the Complaint), identify specifically from the emails themselves each piece of Confidential Information (as defined in the Complaint) or any trade secret Allen Brothers contends was disclosed by any of Prominent, Seidensticker and/or echoMountain. In particular, identify each and every sentence within each email that Allen Brothers contends contains such Confidential Information or constitutes a trade secret. (If Allen Brothers contends that there are trade secrets at issue that do not also constitute Confidential Information, then please separately identify which information provided in response is Confidential Information, and which information provided in response constitutes a trade secret.)

3. For each piece of Confidential Information and every trade secret identified in response to Interrogatory No. 2, identify all efforts undertaken by Allen Brothers to safeguard the confidentiality of such Confidential Information and Trade Secrets.

4. For each and every alleged wrongful disclosure of Confidential Information and/or wrongful misappropriation of any alleged trade secret, state and itemize with specificity any damage or loss of any kind allegedly incurred or sustained by Allen Brothers, including without limitation any monetary damage or loss for which Allen Brothers seeks recovery in this action. If Allen Brothers cannot state with certainty as of the date of its response to these Interrogatories the total damage or loss sustained with respect to any particular alleged disclosure and/or misappropriation, then state and itemize all damages and losses incurred to date.

5. Identify with specificity (including by date) each and every alleged failure by Prominent to use good faith efforts in performing the Marketing Services, the Optimization Services, and/or the Analytics Services (all as defined in the Complaint), refusal by Prominent to perform its obligations consistently with the course of performance under the Development Agreement (as defined in the Complaint), and other breaches by Prominent of the Development Agreement (as defined in the Complaint). In particular, state the specific date on which Allen Brothers believes Prominent first breached the Development Agreement (as defined in the Complaint) and identify specifically the alleged conduct Allen Brothers believes constitutes such breach, and then state all subsequent dates on which Allen Brothers believes Prominent breached the Development Agreement (as defined in the Complaint) and for each date stated, identify specifically the alleged conduct Allen Brothers believes constitutes such breaches.

6. For each and every failure, refusal and breach identified in response to Interrogatory No. 5, state and itemize with specificity any damage or loss of any kind allegedly

incurred or sustained by Allen Brothers, including without limitation any monetary damage or loss for which Allen Brothers seeks or may seek recovery in this action. If Allen Brothers cannot state with certainty as of the date of its response to these Interrogatories the total damage or loss sustained with respect to any particular alleged failure, refusal and/or breach, then state and itemize all damages and losses incurred to date.

7. Identify and itemize with specificity all business allegedly lost, customer and vendor relationships allegedly eroded, and all the expense and disruption incurred in creating and implementing a new Web site by Allen Brothers, as asserted in Paragraph 128 of the Complaint, including without limitation the names, addresses and telephone numbers of all such "business", customers and vendors.

8. For the period January 2005 to the present, itemize all payments or purported "advancements" of any kind from Allen Brothers to Prominent or allegedly made on Prominent's behalf or for its benefit. For each payment and advancement identified, state the date of the payment, the amount of the payment, what specifically the payment was for, and how the payment amount was calculated.

9. State whether Allen Brothers has terminated, or attempted to terminate, the Development Agreement (as defined in the Complaint and as amended). If so, state the date on which such termination or attempted termination occurred, and the manner in which notice of same was provided to Prominent. If not, state whether Allen Brothers believes that the Development Agreement has been terminated, and if so the basis(es) for that belief and the effective date of the termination.

10. Identify with specificity all facts and documents in Allen Brothers' possession, custody or control relating to any actual effort or attempt by either or both of Scott Marland or

Debbie Marland to delete or destroy evidence or information of any kind, and specifically identify all evidence or information that Allen Brothers knows or believes was actually destroyed or spoliated.

11. Identify and state with specificity each and every alleged duty and obligation of Scott Marland that Allen Brothers believes Scott Marland did not perform as a result of any alleged interference by Prominent and/or Seidensticker.

12. Identify the "information and belief" upon which Allen Brothers' contention is based in Paragraph 150 of the Complaint that "Defendants herein agreed to participate in a scheme to thwart Allen Brothers' investigation of Marland's misappropriation of Allen Brothers' Confidential Information and to spoliate evidence."

13. Identify and state with specificity (by date, parties to the communication, manner of communication, etc.) all representations allegedly made by Prominent and Seidensticker in relation to the Optimization Services (as defined in the Complaint) budget, as asserted in Paragraph 169 of the Complaint, and further state and identify all facts and documents in Allen Brothers' possession, custody or control relating to its assertions in Paragraph 172 and 176 of the Complaint that "Instead of using those funds to benefit Allen Brothers, Seidensticker and Prominent used them for the benefit of another of Seidensticker's entities and an affiliate of Prominent, echoMountain."

14. Identify all payments or other monies withheld by Allen Brothers from Prominent based upon any assertion by Allen Brothers that it has no obligation to pay Prominent such monies, including by identifying all periods or time for which such payments or monies have been withheld, the products or services to which such relate, and the basis(es) upon which Allen Brothers' asserts payment may be rightly withheld by it.

15. Identify each and every person or entity hired or retained by Allen Brothers to perform or provide any product or service that otherwise would have been performed or provided by Prominent (whether under the Development Agreement or otherwise), and further state when each such person or entity was hired or retained, what they were hired or retained to do, and how much has been invoiced, paid or is due and owing with respect to same. If any such product or service has been provided by an Allen Brothers' employee (current or former), then identify such person(s) and the products or services each such person provided.

16. State the first date on which Allen Brothers requested access to Search Engine Marketing accounts such that Allen Brothers could manage online advertising for www.allenbrothers.com.

17. State the date on which Allen Brothers, including without limitation by and through any attorney or other representative of Allen Brothers, requested that Craig Widby and Mark Felix be or serve as the primary points of contact between Prominent and Allen Brothers, respectively, including by identifying the name of the person associated with Allen Brothers who made such request and to whom such request was made.

18. State the date on which Allen Brothers, including without limitation by and through any attorney or other representative of Allen Brothers, requested that Prominent no longer conduct email marketing campaign on Allen Brothers' behalf, including by identifying the name of the person associated with Allen Brothers who made such request and to whom such request was made.

19. For each service performed by either of Prominent or echoMountain for Allen Brothers, state the date on which Allen Brothers ceased using each such service from Prominent, and the date on which Allen Brothers ceased using each such service from echoMountain.

20. For the period January 2005 to the present, and on a month-by-month basis, state the amount of Net Sales (as defined in the Development Agreement) generated by the New Web Site (as defined in the Development Agreement), and further itemize how such Net Sales were calculated.

21. For any period of time from January 2005 to the present that Allen Brothers contends the New Web Site (as defined in the Development Agreement) was not in operation for any reason, state, on a week-to-week basis, the amount of Net Sales (as defined in the Development Agreement) generated by www.allenbrothers.com, and further itemize how such Net Sales were calculated.

22. State whether Robert Schwimmer holds any titles or positions of any kind with Allen Brothers or with any entity or trust owning or controlling any ownership interest in Allen Brothers. If so, identify all such titles and positions, the entity with which such titles or positions are held, the periods of time during which he has held such titles or positions, and his duties and responsibilities in each such title or position.

23. State whether Allen Brothers or its counsel have placed any surveillance of any kind (human, electronic, wiretapping, etc.) on Seidensticker, Laura Seidensticker, or their family. If so, state the dates on which such surveillance has been conducted and the names, addresses, and telephone numbers of each and every person involved in such surveillance.

24. To the extent not identified in response to prior Interrogatories herein, for each count of the Complaint against, either in whole or part, Prominent, Seidensticker, or echoMountain, state and itemize with specificity all damage or loss of any kind alleged sustained or incurred by Allen Brothers, including without limitation any monetary damage or loss for which Allen Brothers seeks or may seek recovery in this action. If Allen Brothers cannot state

with certainty as of the date of its response to these Interrogatories the total damage or loss sustained with respect to any particular alleged failure, refusal and/or breach, then state and itemize all damages and losses incurred to date.

25. For each count of the Complaint against, either in whole or part, Prominent, Seidensticker, or echoMountain, identify (by name, address, telephone number, employer and title) every person whom Allen Brothers believes has or may have personal knowledge, information and/or documents relating to the allegations and claims asserted. For each person identified, state the subject matter(s) about which Allen Brothers believes the person has or may have such personal knowledge, information and/or documents.

26. For each count of the Complaint against, either in whole or part, Prominent, Seidensticker, or echoMountain, describe all efforts undertaken by Allen Brothers to mitigate any loss or damage sustained or incurred, or potentially to be sustained or incurred, as a result of any alleged wrongful conduct by any of Prominent, Seidensticker, and/or echoMountain.

27. State how far back in time Allen Brothers has electronically stored information and email communications (internal and external) maintained and accessible, and further state the frequency with which any electronically stored information in Allen Brothers' possession, custody or control is erased, deleted, overwritten, or otherwise discarded in any manner.

28. Identify the date(s) on which Allen Brothers issued any litigation hold memorandum in relation to the claims and/or defenses asserted in this action, and identify the persons to whom each such memorandum was issued. Further state whether Allen Brothers believes any information otherwise responsive to these Interrogatories, or any documents otherwise responsive to Prominent's First Request to Produce to Allen Brothers, have been discarded or destroyed or are not retrievable for any reason, and if so, identify to the best of

Allen Brothers' ability such information and documents (either specifically if possible or if not, by date, category, subject matter, author, recipient, etc.).

29. Identify (by name, address, telephone number, employer and title) each and every third person or entity (i.e., a person or entity who is not a party to this action) with whom Allen Brothers or its counsel has communicated about the allegations of the Complaint or of any prior complaint filed by Allen Brothers in this action, or with whom Allen Brothers or its counsel has communicated in any other respect concerning the parties' respective claims and defenses, and for each person identified state the date of each communication and describe in detail any such communication, including without limitation any oral communication.

30. Provide information responsive to Illinois Supreme Court Rule 213(f)(1), (2), and (3).

Dated:  December 6, 2007

Respectfully submitted,

PROMINENT CONSULTING, LLC, KURT SEIDENSTICKER, and ECHOMOUNTAIN, LLC

By: _____
One of Their Attorneys

James V. Garvey
Michael J. Waters
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
T: (312) 609-7500
F: (312) 609-5005