**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PROMINENT CONSULTING, LLC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6357 |
| | ) | |
| **ALLEN BROTHERS, INC.**, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | Magistrate Judge Morton Denlow |

**ALLEN BROTHERS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR ABSTENTION**

In its response brief (the "Response"), plaintiff Prominent Consulting, LLC ("Prominent") fails to demonstrate that this Court should not: (i) grant the abstention motion filed by defendant Allen Brothers, Inc. ("Allen Brothers"), (ii) abstain from adjudicating this case (the "Federal Case"), and (iii) stay this action pending complete and final resolution of the prior pending state court litigation involving these same parties, captioned *Allen Brothers, Inc. v. Scott Marland, Debbie Marland, Prominent Consulting, LLC, Kurt Seidensticker and echoMountain LLC*, 07 CH 11877 (the "State Case").

**Introduction**

Prominent attempts to convince this Court it is without discretion to grant the abstention motion because of what Prominent claims is a blanket rule against abstention in a case where the federal court has exclusive jurisdiction over the federal claim. This argument is entirely inaccurate and is nothing more than an effort by Prominent to avoid the Court's full application of the *Colorado River* analysis, which Prominent knows supports abstention in this matter given the plainly parallel State Case. The existence of federal jurisdiction is just one of the elements to be evaluated, pursuant to exercise of the Court's discretion under the *Colorado River* factors, not

a threshold test.[1]  In the lead case Prominent cites for the claimed proposition on which it so heavily relies, the Seventh Circuit expressly states:  "[W]e do not mean to create a monolithic rule subject to no exceptions . . . ."  *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 214-15 (7th Cir. 1988).  *See also Lorentzen v. Levolor Corp.*, 754 F. Supp. 987, 993 (S.D.N.Y. 1990) (finding that exclusive federal jurisdiction "alone is not dispositive of whether or not abstention is appropriate").  The present circumstances satisfy one or more of the exceptions to the general rule that Prominent tries to elevate to a blanket rule.

In its Response, Prominent also attempts, as it did in its initial complaint and subsequent motion practice, to obscure relevant facts from the Court in arguing that the two pending cases involving these parties are not parallel.  At the hearing on the TRO motion filed by Prominent at the outset of this matter (which was denied), the Court found that Prominent should have disclosed the existence of the State Case in its complaint in this matter.  *See* Ex. 1, 11/20/07 Transcript at 2-3.  Now that Prominent faces a motion for abstention based on the existence of the State Case, Prominent attempts to brush aside the following central factual issues: (1) determination of this matter would require determination of the same core of disputed facts as are involved in the State Case disputes between Allen Brothers and Prominent; (2) Prominent seeks precisely the same relief in this matter as it does in the State Case and could under no circumstances be entitled to recover the same damages in both cases; and (3) Prominent asserts essentially identical intellectual property claims in its federal complaint and its state

---

[1] Prominent's suggestion that this Court must rule on the abstention motion under an inflexible rule is a clear attempt to undermine this Court's exercise of its discretion and is contrary to established law.  *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 664 (1978) (stating that abstention determination under *Colorado River* is "committed to the district court's discretion" even "where matters of substantive federal law are involved in the case"); *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006) ("We review a district court's ruling on a motion to stay under the *Colorado River* doctrine for abuse of discretion.")

2

counterclaims.[2] Apparently, Prominent believes that simply hanging a different legal theory on the very same allegations of wrongdoing in the two cases can allow Prominent two bites at the proverbial apple and saddle two courts with precisely the same litigation.

Prominent ends up arguing that abstention is inappropriate because the State Case is *broader* than the Federal Case. Prominent does not and cannot deny that the exact factual issues involved in the Federal Case also are squarely at issue in the State Case. The fact that *other* issues also may be considered in the State Case will result in no prejudice to Prominent if the narrower case -- the Federal Case -- is stayed. Indeed, to the extent that any issues are not resolved in the State Case, Prominent can return to this Court after the State Case is decided without wasting judicial resources and risking conflicting rulings.

The Court should exercise its discretion to abstain under *Colorado River* because the State Case and the Federal Case are parallel and at least a plurality of factors favor an abstention. No facts or law identified by Prominent in its Response justify a different result.

I.  **EXCLUSIVE FEDERAL JURISDICTION IS NOT DISPOSITIVE BUT IS JUST ONE FACTOR FOR THE COURT TO INCLUDE IN ITS DISCRETIONARY DETERMINATION.**

The Court should abstain from hearing the Federal Case and impose a stay in this matter until the State Case is resolved despite the fact that this Court has exclusive jurisdiction over Prominent's copyright infringement claim. The instant circumstances meet all of the requirements for abstention established by *Colorado River*. Contrary to Prominent's argument, the presence of exclusive federal jurisdiction "alone is not dispositive of whether or not

---

[2] Prominent cannot completely sidestep these truths, eventually admitting in its Response that its counterclaim in the State Case alleges that Allen Brothers breached its intellectual property ownership rights under the Development Agreement by using Prominent's source code. (Resp., p. 5). These are the same allegations behind Prominent's copyright infringement claim in the Federal Case. In fact, as noted in Allen Brothers' opening brief, the language employed by Prominent in its claims in the Federal Case overlaps closely with, and is in some cases word-for-word identical to, Prominent's claims in the State Case. *See* Allen Brothers' Opening Brief, p. 7.

3

abstention is appropriate." *Lorentzen v. Levolor Corp.*, 754 F. Supp. 987, 993 (S.D.N.Y. 1990); *See also Classen v. Weller*, 516 F. Supp. 1243, 1244 (N.D.Cal. 1981) ("Plaintiff's argument that a stay may not be granted when a federal court has exclusive jurisdiction over a claim is simply incorrect.") Rather, the existence of exclusive federal jurisdiction over a claim should be evaluated among all of the *Colorado River* factors. Indeed, "[n]o single factor is necessarily determinative [under Colorado River] and the weight given to any one particular factor will vary greatly from case to case, depending on the particular factual setting of the case at hand." *LaDuke v. Burlington Northern Railroad Company*, 879 F.2d 1556, 1559 (7th Cir. 1989).

*Medema* expressly identifies certain specific instances when a court may abstain regardless of exclusive federal jurisdiction over a claim, including where abstaining will promote wise judicial administration or where the federal claim is frivolous or reactive in nature. 854 F.2d at 213. Since staying the Federal Case here will promote judicial economy and the Federal Case is both frivolous and reactive, it fits squarely within express exceptions to the proposition that federal courts should not abstain where they have exclusive jurisdiction.

      **A.**      **Abstention in the Federal Case Promotes Wise Judicial Administration**

Staying the Federal Case promotes wise judicial administration, one of the recognized reasons for a court to abstain in a case involving exclusive federal jurisdiction. The State and Federal Cases involve the same nexus of facts involving Allen Brothers and Prominent. Both Prominent's claims in the Federal Case and its counterclaim in the State Case turn on adjudication of issues at the heart of Allen Brothers' claims in the State Case. Those claims arise from Prominent's and its CEO Kurt Seidensticker's improper and unethical monitoring of Allen Brothers' email traffic in a perversion of their role as Allen Brothers' network administrator as well as Prominent's and Seidensticker's perfidy in subsequently transmitting highly confidential

Allen Brothers' information gleaned from those emails (including legal advice provided to Allen Brothers both in the emails themselves and in confidential legal memoranda attached to the emails that Seidensticker opened and read) to a former Allen Brothers Vice President that Allen Brothers had sued. Consideration of that misconduct, which provides the basis for claims asserted by Allen Brothers in the State Case, is essential to adjudication of Prominent's claims in both forums.[3]

In addition, Prominent asserts essentially the same intellectual property claims in both forums, merely changing the legal theory upon which it seeks to rely. In fact, Prominent seeks the very same injunctive relief and money damages in both the State and Federal Cases. Essentially, Prominent looks to have two separate courts determine the same factual dispute and apparently seeks double recovery as well. The overlap of factual and legal questions includes:

- The assessment of Prominent's unclean hands.

- The effect of Prominent's own material breaches on its ability to enforce any term of the agreement between the parties.

- Who owns the intellectual property utilized in connection with Allen Brothers' former website.

- The factual background for Allen Brothers' emergent preparation of a replacement website.

- Whether Allen Brothers' copied Prominent's intellectual property.

Having two courts independently rule on these issues wastes judicial resources and risks conflicting rulings.

The facts of *International Jensen Inc. v. Emerson Radio Corp.*, No. 96 C 2816, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996) perfectly mirror those in this case. In that case, a Northern

---

[3] Upon discovery of Prominent's and Seidensticker's malicious misconduct and violation of all imaginable business ethics, Allen Brothers retained independent contractors to design and implement a replacement Allen Brothers website. It is that replacement website that Prominent claims infringes purported Prominent copyrights.

5

District court abstained from hearing a federal securities claim under the Securities Exchange Act of 1934 ("1934 Act") because the party was "attempting to litigate what is essentially the same claim under two different laws in two different systems . . . [and because the party] requests virtually the same relief . . . and has a remedy outside the 1934 Act." *International Jensen*, 1996 WL 494273, * 4-5. As Judge Easterbrook stated in upholding abstention in a federal case pending the resolution of a related state case: "This court deprecates the practice of filing two suits over one injury-often with an argument based on state law presented to the state court, and an argument arising under federal law presented to the federal court." *Id*. 1996 WL 494273, * 6, (quoting *Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995)). The Court should abstain here, as it did in *International Jensen*, because Prominent attempts to litigate the same claims under two different laws in two different systems, requests the same relief, and has a remedy outside the Copyright Act.

Prominent's attempt to distinguish *International Jensen* misses the mark. Allen Brothers is not arguing that Prominent is bringing a state copyright claim in state court, in derogation of the federal court's exclusive jurisdiction over copyright matters. Rather, just as in *International Jensen*, it is irrelevant to the abstention analysis that the state court could not hear a claim *based on a particular federal legal theory* that is part of the federal case. If the state court "could hear a claim for the *exact same relief* based on state law, [then] there is no justification for the two courts [to consider] the same claim under different dressings." *International Jensen,* 1996 WL 494273, * 6 (emphasis added); *See also Classen*, 516 F. Supp. at 1244 ("Where the issues underlying federal claims may be resolved through the adjudication of state claims, even though the state court may be impotent to consider the federal allegations, and where 'the remedies afforded for the (state) wrongs' adequately protect federal interests, a stay of the federal

6

proceedings is appropriate."), quoting *Klein v. Walston & Co.*, 432 F.2d, 936, 937 (2d Cir. 1970). Prominent advances a claim for the exact same relief in the State Case as in the Federal Case. *See* Ex. A to Allen Brothers Abstention Brief, ¶¶ 70-79 and *ad damnum*. Consequently, the federal courts' exclusive jurisdiction over claims under the Copyright Act does not bar the Court from staying the Federal Case.

Despite Prominent's claims to the contrary, the facts of *One Up, Inc. v. Webcraft Technologies, Inc.*, No. 87 C 3041, 1989 WL 118725, * 5-6 (N.D.Ill. Sept. 22, 1989) also mirror this case and support abstention here. In *One Up*, one party sought a determination from the state court that he was owner of all right and title to a patent and asserted a claim for patent infringement in the federal case. Despite the federal courts having exclusive jurisdiction over patent claims, the sister court in *One Up* stayed the action, holding that "unlike in *Medema*, there is little danger here of interference with exclusive federal jurisdiction over patent infringement claims." *One Up, Inc.*, 1989 WL 118725, * 6. The Court reasoned that "[a]lthough Section 1338(a) grants federal courts exclusive jurisdiction over patent claims, there is a strong likelihood that [the federal claim] is merely a state law contract action cloaked as a patent infringement claim." *Id.*, 1989 WL 118725, * 5. Furthermore, "this case could be resolved solely as a matter of contract law" and "the state court action will most likely not interfere with, but indeed may *preclude* the federal action." *Id.*, 1989 WL 118725, * 5-6. Similarly, the Federal Case is merely a state law contract action cloaked as a copyright infringement claim. In addition, the State Case may preclude the Federal Case, but will not interfere with it, since the state court will not be determining Prominent's federal copyright claim.

Prominent also provides the Court with a flawed analysis of *One Up*. In considering the fifth *Colorado River* factor in that case - the source of governing law - the court determined that

7

state law controlled the contractual issues in the state case and that "federal law most likely will not provide the rule of decision in the *state court* proceeding." *One Up, Inc.*, 1989 WL 118725, * 5 (emphasis added). Prominent confuses this issue in its argument. The issue is not what law governs the Federal Case, but what law governs the State Case. Here, the State Case will be decided under state law. The state court will not be impermissibly deciding Prominent's federal copyright claim. Instead, the state court will decide Prominent's contractual claims. Nevertheless, the state court's factual and legal determinations (on those state claims and under state law) could preclude entirely Prominent's federal copyright infringement claims.[4]

The cases cited by Prominent in support of its argument that federal courts should not abstain from hearing a claim for copyright infringement are entirely distinguishable and provide no support to Prominent's argument against abstention here. *See Kupferberg, Goldberg, & Niemark v. Father and Son Pizza, Ltd.*, No. 95 C 3690, 1996 WL 111900 (N.D.Ill. Mar. 7, 1996); *Minucci v. Agrama*, 868 F.2d 1113 (9th Cir. 1989); *Zimmerman Group, Inc. v. Fairmont Foods of Minnesota, Inc.*, 882 F. Supp. 892 (D.Minn. 1994); and *Google, Inc. v. Affinity Engines, Inc.*, No. C 05-0598, 2005 U.S. Dist. LEXIS 37369 (N.D. Cal. Aug. 12, 2005) (all cited at Resp., p. 9-10). There is not a single one of those cases in which the party pursuing the copyright infringement claim in federal court *also is pursuing a claim of any kind in state court*. Rather, in those cases, one party is pursuing a copyright infringement claim, while the other party has

---

[4] If the Court grants a stay, as requested, any issues that are not resolved by a decision in the State Case can return at that time to be decided in federal court. This is the reason that courts stay actions, rather than dismiss them, under the *Colorado River* doctrine. *Selmon v. Portsmouth Drive Condominium Assoc.*, 89 F.3d 406, 410 (7th Cir. 1996) (stating that where state and federal cases may be duplicative and plaintiffs alleged violations of federal civil rights laws, "[i]t is of paramount importance that a federal forum remain available for these and the other claims for relief under federal law should the state court for some reason fail to reach the merits of those claims"); *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 698 (7th Cir. 1985) (a stay "permits the federal court to retain jurisdiction in case the state court action does not meet its anticipated end. A stay has the additional advantage of bringing the case back before the same federal judge if a determination is needed as to the preclusive effects of the state judgment or decisions."); *See also LaDuke*, 879 F.2d at 1562 ("[a stay] protects the rights of all the parties without imposing any additional costs or burdens on the district court").

pending state court claims (i.e., the plaintiff in the federal case is a defendant only in the state case). Thus, in each of those cases, had the federal court abstained, it would have foreclosed the federal plaintiff's only pending cause of action anywhere. That situation does not exist here, where Prominent is pursuing the same relief stemming from the same issues in both forums.

Prominent also relies on *Shepard's McGraw-Hill, Inc. v. Legalsoft Corp.*, 769 F. Supp. 1161 (D.Colo. 1991). However, in that case the parties did not even brief the issue of abstention, raising it for the first time at oral argument on a motion to dismiss, and, as with *Minucci*, 868 F.2d 1113 (9th Cir. 1989), the court's decision provides no details regarding the state court claims. Because the specific circumstances of the overlapping cases and claims are critical to the a court's decision on abstention, those cases fail to lend any support to Prominent's position here.

### B.    Frivolous and Reactive Litigation

*Medema* specifically held that frivolous or reactive litigation offers another instance where a federal court can abstain from hearing a claim over which it has exclusive jurisdiction. *Medema,* 854 F.2d at 213-215. Prominent's copyright infringement claim qualifies as frivolous and reactive. Prominent filed its federal complaint as a direct response to Allen Brothers suing Prominent for having improperly accessed, stolen and disclosed confidential information and privileged legal strategy to Allen Brothers' litigation opponents, Scott and Debbie Marland. Once Allen Brothers discovered Prominent's egregious perfidy and misconduct, Allen Brothers amended its state court complaint on September 17, 2007 to include Prominent and Seidensticker. Angry and embarrassed that its treachery had been exposed, Prominent wanted to strike back at Allen Brothers. In addition to filing its counterclaims in state court, Prominent sought a forum where it thought it could hide its despicable conduct and where it might be able to portray itself as the aggrieved party. Consequently, Prominent turned to federal court and

filed its copyright infringement claim, seeking the same exact relief on the same exact factual allegations regarding intellectual property as in its state court counterclaims, hoping to gain leverage in its dispute with Allen Brothers. Nowhere in its federal complaint did Prominent even mention the existence of the state court litigation, in an obtuse and misguided attempt to prevent the federal court from learning of the allegations against Prominent in the state case.

Prominent also sought to harm Allen Brothers with its federal action by seeking a temporary restraining order interfering with Allen Brothers' website during its busiest season of the year. This background demonstrates that the Federal Case is an example of forum shopping and frivolous reactive litigation aimed solely at striking back at Allen Brothers. In such circumstances, the federal court may abstain, even if it concludes that it has exclusive jurisdiction over the federal claim.

## II.    THE FEDERAL AND STATE CASES ARE PARALLEL

Prominent's argument that the Federal Case and the State Case are not parallel is specious. The Seventh Circuit holds that two actions are parallel if "substantially the same parties are contemporaneously litigating substantially the same issues in two forums." *Lumen*, 780 F.2d at 697 (7th Cir. 1985); *LaDuke*, 879 F.2d at 1558. Essentially, "a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Tyrer*, 456 F.3d at 752. Thus, "the suits need not be identical." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). As Allen Brothers established in its opening brief, substantially the same parties are contemporaneously litigating substantially the same issues in the Federal and State Cases. Moreover, the State and Federal Cases arise out of the same facts and raise similar legal and factual issues.

The fact that the State Case includes other defendants in addition to Prominent *does not preclude* a finding that the cases are parallel. *Jacobson v. City of Chicago*, 233 F. Supp. 2d

1001, 1007 (N.D.Ill. 2002) ("[T]he presence of the additional defendants in the state action does not affect our determination.") (citing *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001)). This is particularly true here, where two of the other defendants in the State Case, Seidensticker and echoMountain, LLC, are closely aligned with Prominent.

Prominent's argument that the cases are not parallel is wrong. First, the fact that the State Case is broader than the Federal Case does not mean that the cases are not parallel. If anything, this argument would counsel against staying the broader State Case, not the narrower Federal Case. While Prominent does not cite a case in support of this argument, in *Lumen*, the Seventh Circuit stayed the federal proceeding where the "state case [was] a good deal more comprehensive than the federal case." *Id*.

Second, even though the state court will not hear Prominent's federal copyright infringement claim, its decisions with regard to a number of overlapping factual issues may dispose of the Federal Case through res judicata. Even a case Prominent cites in its Response in support of its exclusive jurisdiction argument, *Kupferberg*, held that state court factual determinations regarding the parties' intellectual property rights may dispose of a federal copyright claim through res judicata and therefore the actions were parallel. 1996 WL 111900 at *2. The same is true here.

### III. A PLURALITY OF THE *COLORADO RIVER* FACTORS SUPPORT ABSTENTION

In weighing the factors set out in *Colorado River*, "no one factor is determinative" and the weight given to any one factor varies from case to case. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976); *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1157 (7th Cir. 1990); *LaDuke*, 879 F.2d at 1559. In addition, when a plurality of factors supports abstention, even where a number of factors are neutral, courts abstain. *See Clark*, 376

11

F.3d at 685; Tyrer, 456 F.3d at 755; *Cigna Healthcare of St. Louis, Inc. v. Kaiser*, 181 F. Supp. 2d 914, 925 (N.D.Ill. 2002). Here, as demonstrated in Allen Brothers' opening brief, at least five of the ten factors support abstention: (1) abstention is necessary to avoid piecemeal litigation; (2) the order in which jurisdiction was obtained supports an abstention (the State Case predates the Federal Case); (3) the relative progress of the Federal and State Cases supports abstention (the State Case is further along than the Federal Case); (4) the State Case cannot be removed; and (5) the federal complaint is frivolous and vexatious. Another two factors are clearly neutral (whether the state has assumed jurisdiction over property and the inconvenience of the federal forum). Thus, even viewed in the light most favorable to Prominent, five of eight relevant factors favor abstention. The Court should abstain from hearing the Federal Case until the State Case is resolved.

Prominent's analysis of the factors is incorrect. First, it overreaches in even suggesting that the "in rem" factor might weigh against abstention, rather than just admitting that this factor is neutral.

Second, it overreaches again in claiming that the convenience of the federal forum favors abstention, when this factor is also clearly neutral. The federal and state courthouses in Chicago are located mere blocks from each other and therefore both courthouses are equally convenient. *Magett v. Sheahan*, No. 95 C 5397, 1996 WL 153887, *4 (N.D. Ill. April 1, 1996).

Third, Prominent argues that proceeding with both cases will not result in piecemeal litigation because there are some issues in the Federal Case that may not be decided by the state court. However, this argument flatly ignores all of the overlapping legal and factual determinations that would waste judicial resources and could result in conflicting rulings. Prominent also ignores the fact that the same documents will be collected, same people deposed,

same witnesses called, and same evidence presented in both the State and Federal Cases, making a stay appropriate. *Tyrer*, 456 F.3d at 756; *Clark*, 376 F.3d at 687.

Fourth, Prominent is incorrect in its argument that the relative progress of the two cases and the order in which the actions were filed are neutral factors. The state court obtained jurisdiction first, so this factor weighs in favor of an abstention, regardless of how far in advance it obtained jurisdiction. (Cases cited in Allen Brothers' opening brief demonstrate that the first filed lawsuit is to be given priority, even where there is a difference of eight days. *See* Allen Brothers Opening Brief, p. 9.) In addition, the State Case has progressed further than the Federal Case. The discovery Allen Brothers served on Marland and third parties, and which has been responded to, relates to Allen Brothers' claims against Prominent as well. Furthermore, Allen Brothers already has responded to a massive set of discovery requests from Prominent in the State Case, including answering 30 interrogatories (the state court limit) and providing written responses to document requests containing 49 separate categories of documents. Many of Prominent's discovery requests relate directly to the technology issues also involved in the Federal Case. (*See* Exs. A & B to Reply Brief in Support of Allen Brothers' Motion for Clarification and to Stay Expedited Discovery, Docket No. 30.) Thus, this factor also weighs in favor of abstention.

Fifth, as discussed above, Prominent's federal complaint is vexatious, contrived and reactive. Contrary to Prominent's assertions in its Response, far from ever admitting that Allen Brothers infringed on Prominent's copyright, Allen Brothers argued in its Opposition to Prominent's TRO Motion that Prominent's source code could not be found on Allen Brothers' current website, therefore no emergency relief on Prominent's claim was warranted.

Sixth, the state court action is entirely adequate to protect the federal plaintiff's rights. Prominent's choice to file a counterclaim in state court seeking to enforce its claimed intellectual property rights amounts to an admission that the state forum is adequate to protect its rights.

Finally, the remaining two factors - the presence or absence of concurrent jurisdiction and the source of governing law - serve as the basis for Prominent's argument that exclusive federal jurisdiction weighs against staying the Federal Case. As discussed above, the presence of exclusive federal jurisdiction is not evaluated as a threshold question, but is considered in context as part of the range of *Colorado River* factors. As demonstrated above, the presence of exclusive federal jurisdiction over Prominent's copyright claim should not prevent the court from abstaining in the circumstances of this matter. Since the State and Federal Cases are parallel and a plurality of the factors weigh in favor of abstention, the Court should abstain and stay the Federal Case until the State Case is fully resolved.

## **Conclusion**

For the reasons set forth herein and in its opening papers, Allen Brothers, Inc. respectfully requests that this Court abstain in this case and stay the action pending the complete and final resolution of the State Case.

Dated: January 4, 2007                             Respectfully submitted,

                                                   ALLEN BROTHERS, INC.

                                                   By:___/s/_____Charles B. Leuin_____
                                                          One of Its Attorneys

Charles B. Leuin (ARDC No. 6225447)
Matthew S. Gray (ARDC No. 6286276)
Tanisha R. Jones (ARDC 6283173)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 2500
Chicago, Illinois 60601
T: (312) 456-8400
*Attorneys for Defendant Allen Brothers, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2007, I electronically filed the foregoing Reply Memorandum of Law in Support of Allen Brothers' Motion for Abstention with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered parties.

                                                                    By:    /s/       Charles B. Leuin
                                                                                One of Its Attorneys

Charles B. Leuin (ARDC No. 6225447)
Matthew S. Gray (ARDC No. 6286276)
Tanisha R. Jones (ARDC No. 6283173)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 2500
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435

*Attorneys for Defendant Allen Brothers, Inc.*