IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROMINENT CONSULTING, LLC,

Plaintiff,

v.

ALLEN BROTHERS, INC.,

Defendant.

No. 07 C 6357

Judge Robert M. Dow, Jr.

Magistrate Judge Morton Denlow

**PLAINTIFF'S SUPPLEMENTAL BRIEF AGAINST ABSTENTION**

*International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912 (7th Cir. 2001) ("*Int'l Armor*"), does not apply to this case.  Most importantly, whereas the Lanham Act claim in *Int'l Armor* was derivative of rights conferred by a contract, Plaintiff's intellectual property claim or rights here are not based or dependent upon any contract. Thus, Plaintiff's infringement claim "arises under" federal copyright law not state contract law.

The dispute in *Int'l Armor* involved the question of trademark ownership.  In 1986, the plaintiff's owner, Moloney, sold his limousine business, together with the name "Moloney Coach Builders," to a person who then incorporated a company called Maloney Coachbuilders, Inc.  *Id*. at 913.  Next, Moloney started a competing firm called International Armor & Limousine Company and advertised using phrases such as "The world's standard in extended limousines was created by E.F. Moloney, the pioneer of the stretch limousine industry" and "A Moloney Owned Entity."  *Id*.  Moloney Coachbuilders objected to Moloney's use of these phrases, based on its alleged purchase of exclusive rights to the Moloney name *through the 1986 agreement between the parties*.  International Armor filed suit in federal court and Moloney Coachbuilders filed a counterclaim.  *Id*.

The issue was whether Moloney's use of his own name in advertising violated the 1986 contract (as well as a subsequent settlement agreement related to a prior lawsuit between the parties). *Id*. The Seventh Circuit viewed the case as a simple contract dispute. Although the plaintiff also brought a claim under the Lanham Act, that claim was "entirely derivative" of the rights conferred under the contract between the parties. *Id*. at 916 (". . . in this case the only serious dispute is how the contracts of 1986 and 1990 allocate ownership rights in the Moloney name and business history. . . ."). The Court was not required to analyze the Lanham Act. Rather, the Court needed only to interpret the contract to determine the parties' rights. *See also Gaiman v. McFarlane*, 360 F.3d 644, 652 (7th Cir. 2004) (holding copyright dispute to be properly in federal court because it involved questions under the Copyright Act).

Unlike *Int'l Armor*, the parties' Development Agreement does not *grant* intellectual property rights, but rather *confirms* copyrights that Plaintiff has owned since creating the underlying work. There is *no* dispute here as to how the Development Agreement allocates ownership rights in intellectual property. The Development Agreement is neither a license agreement nor a sales contract that transfers rights in intellectual property, and Defendant does not contend it owns Plaintiff's intellectual property. To determine whether Plaintiff possesses a valid copyright, the Court must analyze the Copyright Act, not the Development Agreement. To determine whether Defendant copied, the agreement is likewise irrelevant. Moreover, many of Defendants' affirmative defenses directly invoke the Copyright Act, including lack of originality, invalidity of copyright, functionality, fair use, copyright misuse and innocent infringement.

This also is not a case of artful pleading. In its opinion, the *Int'l Armor* Court discusses *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964), to demonstrate how parties sometimes attempt to artfully plead a contract claim as one "arising under" a federal statute:

Suppose that the claim in *Eliscu* had been cast slightly differently: Instead of demanding royalties according to (his interpretation of) the contract, the author of the lyrics could have argued that, because he was not being paid, the sale of the sheet music infringed his copyright. Turning the telescope around in this way should not be a means to create federal jurisdiction, when the real dispute is unaffected. *Id.*

But unlike in *Int'l Armor* and *Eliscu*, Plaintiff's rights are not derivative of or limited by the Development Agreement. While Plaintiff can seek damages under the contract similar to those it can seek for copyright infringement, Plaintiff's *right* to damages for copyright infringement has nothing to do with the contract. Rather, Plaintiff possesses unique rights that arise under copyright law. Defendant appears to argue that the Development Agreement was breached and that, as a result, it was no longer bound by the provisions in the contract relating to its use of Plaintiff's intellectual property. But this argument ignores Plaintiff's ownership of its copyrights independent of the contract, which rights can only be determined under the Copyright Act and case law interpreting it.

In sum, this is not a contractual dispute about copyright ownership, but a dispute about the validity and use of the copyrights themselves. Accordingly, *Int'l Armor* is not applicable, and abstention (or dismissal) is inappropriate.

Dated: January 11, 2008                                    Respectfully submitted,

                                                           PROMINENT CONSULTING, LLC


                                                           By:  s/James V. Garvey
                                                           _____
                                                                     One of Its Attorneys


James V. Garvey
Michael J. Waters
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
T: 312-609-7500
F: 312-609-5005