IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **PROMINENT CONSULTING, LLC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6357 |
| | ) | |
| **ALLEN BROTHERS, INC.**, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | Magistrate Judge Morton Denlow |

**ALLEN BROTHERS' SUBMISSION REGARDING
APPLICABILITY OF *INTERNATIONAL ARMOR &
LIMOUSINE CO. v. MOLONEY COACHBUILDERS, INC.***

At the request of the Court, defendant Allen Brothers, Inc. ("Allen Brothers") hereby respectfully submits this filing regarding the applicability to this case of the Seventh Circuit's decision in *International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912 (7th Cir. 2001). Under the precedent of *International Armor*, this action should be dismissed for lack of subject matter jurisdiction. In the alternative, the Court should abstain from proceeding in this matter until resolution of the parallel state court action.

Subject matter jurisdiction is a fundamental prerequisite for a case to be heard in federal court and its absence may be raised at any time and cannot be waived. *See Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). Plaintiff Prominent Consulting, LLC ("Prominent") fails to allege in its Complaint facts establishing subject matter jurisdiction. In its Verified Answer, Allen Brothers raised that failure as an affirmative defense. (*See* Verified Ans., Fifth Affirm. Def.) Based on the Seventh Circuit's precedent of *International Armor*, the Court should dismiss this action for lack of subject matter jurisdiction because the copyright infringement claim Prominent purports to assert is wholly derivative of the state law contract issues raised on the face of Prominent's complaint, including the very real question of ownership of certain copyrights in a website at issue. It is those very state law contract issues that form the basis for Prominent's entirely overlapping breach of contract counterclaim in the state case pending between the parties.[1]

In *International Armor*, the Seventh Circuit held that a dispute nominally raising trademark claims under the Lanham Act substantively turned upon a contract claim and "any trademark claims [were] entirely derivative of the contract issues." *Id.* at 916. Consequently, the Court held that subject matter jurisdiction was absent because a plaintiff may not "maneuver a case into or out of federal court at will by including or omitting federal aspects." *Id.* at 915.

---

[1] Unlike in *International Armor*, where the state law claims had to be identified by deconstruction of the federal claims, here the state law claims can been seen simply by reviewing Prominent's counterclaim in the state case.

Here, Prominent's copyright infringement claims are entirely derivative of its state contract claims under the Web Site Development and License Agreement (the "Development Agreement") entered into between the parties. The Development Agreement defines the boundaries of the parties' ownership rights in the various intellectual property elements used in the website at issue. In fact, this is precisely what Prominent alleges in its Complaint (*see Int'l Armor* at 917 (the "complaint alerts the district court to the contractual foundation")), expressly alleging that the Development Agreement defines Prominent's ownership rights in certain intellectual property used in the website. It is for this reason that Prominent headed a section of the Complaint: "Prominent's *Copyrights* and Other Rights *Under the Parties' Web Site Development and License Agreement*" and it is for this reason that Prominent alleges: "The Development Agreement memorializes the parties' right and obligations, including ownership and rights to the intellectual property associated with the new website." Compl., at p.3 (emphasis added) and ¶ 11.

The terms of the Development Agreement are also used to establish that Prominent's claims relate to interpretation and enforcement of that Agreement. For example, the Development Agreement specifically excludes from any Intellectual Property Rights[2] owned by Prominent any software "owned by a third party or by Allen Brothers." Ex. 1 to Compl., § 5(a)(2). Similarly, the Development Agreement preserves to Allen Brothers, "the ownership of "Intellectual Property Right Components of the Website" including, among many other things, all "Data," "Text," and "Graphics" accessible or appearing on the website. *Id*. Accordingly, the Development Agreement expressly contemplates Allen Brothers' ownership of the copyrights for at least the appearance of the website -- including words, images, video designs, pictorial works, sketches and animation that appear on the website. *Id.* Just as Prominent's Complaint relies on the Development Agreement to

---

[2] The Development Agreement also defines what constitutes Intellectual Property Rights in §5(A)(1).

provide the basis for its claimed ownership of certain intellectual property, this action must revolve around interpretation of those provisions to not only determine who owns what software and non-software elements of the Allen Brothers website, but also who owns what parts of the software elements used to operate that website.[3]

As established in Allen Brothers' abstention motion papers, Prominent's federal claims seek the same remedies as its state court claims,[4] which as in *International Armor*, reveals that the federal claims serve only as "a veneer laid over the state-law core." *Id*. at 917. Since "the mere existence of a patent or copyright does not confer federal jurisdiction over what is essentially a contract dispute" *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984), and the primary issue before the Court is whether Allen Brothers may have exceeded the scope of its Intellectual Property Rights granted in the Development Agreement, the Court should dismiss this action for lack of subject matter jurisdiction.[5]

Allen Brothers, Inc. respectfully requests that this Court dismiss this action for lack of subject matter jurisdiction or, in the alternative, abstain and stay the action pending the complete and final resolution of the state case.

---

[3] Prominent's purported claim under the Computer Fraud and Abuse Act ("CAFA") provides no basis for subject matter jurisdiction. As Prominent has essentially conceded by failing to rely on the CAFA claim in any substantive manner in its abstention brief, that claim is immaterial and incidental. Moreover, the CAFA claim, which asserts that Allen Brothers somehow engaged in wrongdoing by accessing its own website, also fails to provide subject matter jurisdiction under the *International Armor* analysis, as only the terms of the Development Agreement could create the basis for a claim against Allen Brothers for accessing the Allen Brothers website.

[4] Prominent seeks only an injunction and actual damages in the federal case, just as in the state case, having lost the right to seek statutory copyright damages by not filing for registration of the claimed copyrights at issue until days before bringing this action. *See* 17 U.S.C. § 412. Accordingly, this Court could render Prominent no greater or different relief than it could receive from the state court.

[5] Analysis under *International Armor* further demonstrates that Prominent's federal claims, pleaded simply in an attempt to obtain access to the federal court, are reactive and frivolous in nature, supporting abstention under *Colorado River*.

3

Dated: January 11, 2007

                                        Respectfully submitted,

                                        ALLEN BROTHERS, INC.

                                        By:     /s/     Charles B. Leuin
                                                   One of Its Attorneys

Charles B. Leuin (ARDC No. 6225447)
Matthew S. Gray (ARDC No. 6286276)
Tanisha R. Jones (ARDC No. 6283173)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 2500
Chicago, Illinois 60601
T: (312) 456-8400

*Attorneys for Defendant Allen Brothers, Inc.*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 11, 2007, I electronically filed the foregoing Submission Regarding the Applicability *International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered parties.

                                     By:   /s/      Charles B. Leuin
                                               One of Its Attorneys

Charles B. Leuin (ARDC No. 6225447)
Matthew S. Gray (ARDC No. 6286276)
Tanisha R. Jones (ARDC No. 6283173)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 2500
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435

*Attorneys for Defendant Allen Brothers, Inc.*