IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROMINENT CONSULTING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 07 C 6357 |
| v. | ) |
| | ) |
| ALLEN BROTHERS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Prominent Consulting, LLC ("Prominent") filed this action against defendant Allen Brothers, Inc. ("Allen Brothers") seeking damages and injunctive relief for alleged copyright infringement under the federal Copyright Act, 17 U.S.C. § 101, *et seq.*, and for an alleged violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(4). On November 20, 2007, Judge Castillo denied Prominent's motion for a temporary restraining order and a preliminary injunction [DE 18]. Allen Brothers then moved for a stay of this action [DE 20] in deference to a pending state court lawsuit in which Allen Brothers and Prominent (among others) are parties and in which some of the same alleged conduct is at issue. See *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). For the reasons stated below, the Court denies the motion for stay.

**I.    Background**

Allen Brothers is a well known purveyor of meats and other foodstuffs. It generates sales in a variety of ways, including through a printed catalog and an Internet website. Prominent provides various technology consulting and marketing services.

In 2004, Prominent began working on software for a new Allen Brothers website. Prior to the launch of the new website in February 2005, Prominent and Allen Brothers executed a

Web Site Development and License Agreement ("Agreement") that set forth the parties' respective rights and obligations with respect to the ownership and use of the intellectual property associated with the new website and provided for certain compensation to Prominent for its services.

After the new web site became operational, Allen Brothers' web-based sales increased significantly. The growth in sales led to tension between the parties over the amount of compensation owed to Prominent. Subsequently, the provisions of the agreement dealing with Prominent's compensation were amended. Over time, the parties' relationship deteriorated for a variety of reasons that are set forth in great detail in the state court pleadings, but are not material to the resolution of the issues before this Court at this time. Suffice to say that the difficulties between the parties gave rise to the filing in May 2007 of a state court lawsuit by Allen Brothers, captioned *Allen Brothers, Inc. v. Marland, et al.*, No. 07 CH 11877 (Cir. Ct. Cook Co.). Between May and November of 2007, Allen Brothers added parties to the lawsuit, so that by the time that the instant action was filed in federal court, the state court lawsuit included as defendants Prominent, its principals, and several other parties who are not involved in the federal lawsuit.

On November 8, 2007, Prominent filed a two-count lawsuit in federal court, alleging copyright infringement (Count I)[1] and violation of the CFAA (Count II). On the same day, Prominent filed a counterclaim in the state court action. The federal lawsuit is much narrower in scope than the state lawsuit. The core issue in the federal suit centers on Allen Brothers' alleged

---

[1] Prominent alleges that shortly before filing its federal lawsuit, it applied for copyright registration of the source code that it authored and created in connection with its work on the Allen Brothers website. Prominent attached copies of its registration materials as an exhibit to its complaint. It appears from those materials that the application for the Dynamic Shipping Calendar was received by the US Copyright Office on October 24, 2007 and the application for the IChieve E-Commerce website was received November 8, 2007.

2

use of the "source code" that Prominent claims to have designed for use in the new website and in which Prominent claims to have rights that are enforceable both as a matter of federal copyright law (asserted in this lawsuit) and as a matter of state contract law (asserted in its state court counterclaims).  Specifically, Prominent contends in Count I that Allen Brothers has stolen Prominent's source code and has used that source code to create and operate a new website that Allen Brothers is hosting independent of Prominent.

Shortly after filing its federal lawsuit, Prominent sought a temporary restraining order and a preliminary injunction.  At the hearing on the requests for injunctive relief, it came to Judge Castillo's attention that there was a similar action pending between the same parties (and others) in state court.  Judge Castillo denied the motions for immediate injunctive relief and directed the parties to submit briefing on whether the federal action should be stayed under the *Colorado River* doctrine.  While the parties were briefing that issue, the case was transferred to this Court as part of the Court's initial calendar.  After the parties completed briefing on the *Colorado River* issue, the Court requested that the parties file supplemental briefs on the possible effect on this case of the Seventh Circuit's decision in *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912 (7th Cir. 2001).

**II.    Analysis**

    **A.    Subject Matter Jurisdiction**

Although Prominent's complaint does not identify the basis for federal jurisdiction over its complaint, it is evident that the possible bases for jurisdiction are 28 U.S.C. § 1338 as to Count I and 28 U.S.C. § 1331 as to Count II.  In its supplemental brief, Allen Brothers contends that jurisdiction is lacking as to both counts.

Section 1338 states that the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to * * * copyrights" and that "[s]uch jurisdiction shall be exclusive of the courts of the states in * * * copyright cases." Courts have found that test easier to state than to apply. In fact, the authors of a leading copyright treatise have remarked that the "arising under" question "poses among the knottiest procedural problems in copyright jurisprudence." 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.01[A] at 12-4.1 (2007). The Seventh Circuit appears to follow the classic formulation of the test for "arising under" jurisdiction in a copyright case articulated by Judge Friendly more than forty years ago:

> Mindful of the hazards of formulation in this treacherous area, we think that an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement or for the statutory royalties for record reproduction * * * or asserts a claim requiring construction of the Act * * * or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control disposition of the claim.

*T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964) (cited in *Int'l Armor*, 272 F.3d at 915). And in *Int'l Armor*, the Seventh Circuit addressed in detail the circumstances in which a federal complaint asserting a nominally federal claim can flunk the "arising under" test.

In *Int'l Armor*, the plaintiff filed a federal court action seeking a declaratory judgment that his use of certain phrases did *not* violate the Lanham Act.[2] The defendant responded with a counterclaim contending that the plaintiff's actions violated two contracts pursuant to which the plaintiff had sold certain assets, including certain intellectual property rights, to the defendant. *Int'l Armor*, 272 F.3d at 913. Despite the federal plaintiff's invocation of the Lanham Act as a basis for federal court jurisdiction, the Seventh Circuit held that the dispute was in reality "a

---

[2] 28 U.S.C. § 1338 is applicable to trademarks as well as copyrights and the Seventh Circuit has examined the "arising under" question in a similar manner in regard to both forms of intellectual property. See *Int'l Armor*, 272 F.3d at 915-16.

4

contract dispute" that arose under state law, and therefore the lawsuit was dismissed for lack of subject matter jurisdiction. *Id*. at 914.

In the Seventh Circuit's view, a dispute lies outside the federal courts' federal question jurisdiction "[i]f the outcome of a suit nominally under federal law depends entirely on the state law of contracts." *Int'l Armor*, 272 F.3d at 914. Because the "only serious dispute" in *Int'l Armor* was "how the contracts of 1986 and 1990 allocate ownership rights in the Moloney name and business history," the court concluded that "any trademark claims are entirely derivative of the contract issues" and the case arose under state law. *Id*. at 916. In other words, the lawsuit in *Int'l Armor* was nothing more than a state breach of contract dispute masquerading as a federal intellectual property claim. *Id*. at 917. And the invocation of the Lanham Act was simply an exercise in "artful pleading," because there were no Lanham Act claims to adjudicate. *Id*. at 916. In Judge Easterbrook's words, the plaintiff "might as well have requested a declaratory judgment that its advertising does not violate the antitrust laws or ERISA." *Id*.

Here, by contrast, Count I of Prominent's suit does fall within federal question jurisdiction because it contains "a substantial federal claim" that "is founded directly on federal law," and the federal copyright claim is not "entirely derivative" of the contract issue that Prominent asserted in its state court counterclaims. In fact, Prominent alleges that it authored and created software for the Allen Brothers web site beginning in 2004. Thus, at least some of Prominent's copyright interests appear to have predated the Agreement.[3]

---

[3] Generally, copyright protection begins "at the moment of creation of 'original works of authorship fixed in any tangible medium of expression.'" *JCW Invest., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). According to Prominent's registration application, it did not publish the iChieve website until February 2005. However, Prominent states in its complaint that it worked throughout 2004 to develop the website "including by authoring and creating software" (Complaint, ¶ 4) and "federal copyright is now available for unpublished works that the author intends never to see the light of day." *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 627 (7th Cir. 2003); see also 17 U.S.C. § 104(a) ("The works specified by sections 102 and 103, while unpublished, are subject to protection under this title without regard to the nationality or domicile of the author").

5

Moreover, even if the contract claim were obviously invalid – for example, because of an error in contract formation – Prominent still would have a viable copyright claim. In order to have a viable claim for copyright infringement: (i) the plaintiff must own a valid copyright, and (ii) the defendant must have copied constituent elements of the plaintiff's work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); see also *Eliscu*, 339 F.2d at 828 (accepting that an action arises under the federal copyright laws "if the complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement * * * or asserts a claim requiring construction of the Act").

Here, Prominent alleges that it owns the exclusive copyrights in the software that it used to develop the original source code for the website and the "Shipping Calendar" used to operate the Allen Brothers website. Prominent further alleges that Allen Brothers copied or caused to be copied the source code and other codes and thereby infringed upon Prominent's copyrights. Finally, Prominent seeks remedies provided by 17 U.S.C. §§ 502 (injunction) and 504 (actual damages); but see 17 U.S.C. § 412 (registration prerequisite to statutory damages).

Under the well pleaded complaint rule, Prominent's allegations adequately state a federal claim over which this Court has subject matter jurisdiction. The fact that contract issues may be related to, or even intertwined with, copyright issues does not pose a barrier to federal jurisdiction except where the copyright claim is entirely derivative of the contract claim. "[N]otwithstanding the existence of a contractual relationship between the parties, if the defendant's conduct is alleged to be without authority under such a contract *and to further* constitute an act of statutory copyright infringement, then federal jurisdiction will be invoked." 3 *Nimmer on Copyright* § 12.01[A][1][a] at 12-6 (2006) (emphasis added).

B.     *Colorado River* Stay

Having concluded that the Court has subject matter jurisdiction over this case, we now turn to the *Colorado River* question. The Seventh Circuit has explained that *Colorado River* "created an extraordinary exception to the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them'" by Congress. *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 212 (7th Cir. 1988). The doctrine permits federal courts "to stay or dismiss actions in deference to parallel and ongoing state proceedings in circumstances where abstention doctrines do not apply." *Id*. Under the two-part test established by the Supreme Court, courts must determine (i) whether the state and federal cases are "parallel" (*id*. at 213), and (ii) whether a stay is warranted under a multi-factor balancing test that is "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 16 (1983).

On the surface, this case appears to be a good candidate for a stay of proceedings under *Colorado River*. It is undisputed that state and federal actions are proceeding in tandem and that both proceedings involve claims between the same parties arising out of the same basic fact pattern. Both law and logic suggest that the earlier commencement and broader scope of the state proceeding point in the direction of allowing that proceeding to run its course before moving forward with the federal action. And the likelihood that the monetary and injunctive relief available to Prominent in both is identical – because statutory damages under the Copyright Act are not available to Prominent on account of its delay in seeking registration[4] –

---

[4] Although Prominent's decision not to take steps to register its alleged copyright ownership until shortly before filing this lawsuit limits the damages that it may seek in this court (see 17 U.S.C. § 412), that delay does not foreclose its right to claim the protection of the copyright laws at this time. It is well established that copyright ownership and protection attach at the time a work is created, not at the time the putative copyright owner applies to register its work. See, *e.g.*, *Pickett v. Prince*, 207 F.3d 402, 404 (7th Cir. 2000). Nor does it appear that Prominent's lawsuit must be delayed pending the disposition of its application. In this circuit, it appears that "plaintiff's registration is effective for purposes of initiating an

similarly seems to counsel in favor of a stay to ascertain whether Prominent is able to obtain all the relief to which it possibly could be entitled in the state action.

But all of these factors do not even come into play in this instance because the burden on a party advocating for a *Colorado River* stay is almost insurmountable when the federal claim asserted lies within the exclusive jurisdiction of the federal courts, as is the case here. While in most cases the application of the two-part test is left largely to the discretion of the district court, the Seventh Circuit held in *Medema* that "the district court *has no discretion to stay proceedings as to claims within exclusive federal jurisdiction* under the wise judicial administration exception" recognized in *Colorado River*. 854 F.2d at 213 (emphasis added). As our court of appeals explained, that principle is rooted in respect for Congress' manifest intent that federal courts resolve disputes that lie within their exclusive jurisdiction. Under Article III, § 1 of the Constitution, Congress exercises "plenary power" over the jurisdiction of the lower federal courts. *United States v. Long*, 324 F.3d 475, 483 (7th Cir. 2003). It is plainly within the scope of that power to cultivate uniformity in the law by creating an exclusive federal forum for a class of claims. And when that occurs, "courts should be extremely wary about refusing to hear a case based on sometimes impalpable notions of efficiency." *Medema*, 854 F.2d at 213.

---

infringement suit as of the day plaintiff filed its application with the Copyright Office." *Goss Int'l Ams., Inc. v. A-Am. Mach. & Assembly Co.*, 2007 WL 4294744, at *3 (N.D. Ill. Nov. 30, 2007); see also *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003) ("an application for registration must be filed before the copyright can be sued upon"). As Judge Gettleman explained, this rule, followed in the majority of circuits to have squarely addressed the question, makes sense, for "[i]t hardly seems fair * * * to refuse plaintiff the opportunity to sue for infringement until the Copyright Office takes some action when plaintiff will be able to sue after that determination, regardless of the outcome" (*Goss Int'l*, 2007 WL 4294744, at *2-*3), because the right to file an infringement suit exists after approval *or rejection* of the copyright registration application (17 U.S.C. § 411(a)). To be sure, Allen Brothers disputes Prominent's copyright allegations and contends that Prominent cannot prove those elements at trial. But that dispute simply underscores the conclusion that Prominent "asserts a claim requiring construction of the Act" (*Eliscu*, 339 F.2d at 828), and thus falls within this Court's jurisdiction.

8

In *Medema*, for example, the Seventh Circuit reversed a district court's decision to stay a federal action in which the plaintiff asserted claims for violations of Section 10(b) of the Securities Exchange Act of 1934 (and thus within the federal courts' exclusive jurisdiction) in deference to ongoing state court proceedings. The court acknowledged that "[t]he answer in the state case echoes the allegations made in the federal complaint" and that the discussion in the district court's opinion "evinces a clear opinion that the cases are indeed parallel." *Medema*, 854 F.2d at 212, 213. Nevertheless, the court held that the district court's refusal to give "conclusive weight" to the presence of 1934 Act claim within federal courts' exclusive jurisdiction was erroneous. *Id.* at 213. Where Congress has determined that exclusive jurisdiction is desirable, it has manifested its intent "to sacrifice a modicum of efficiency in order to further goals of expertise, uniformity and fairness." *Id.* at 215.

As Allen Brothers points out, the court in *Medema* left open the possibility that a claim within the exclusive jurisdiction of the federal courts could be stayed, noting that it was not "creat[ing] a monolithic rule subject to no exceptions." *Medema*, 854 F.2d at 215. But the exception noted by the court – a case in which the plaintiff admitted in oral argument that its federal claim was frivolous (*id.*) – is a rare one indeed. As the court flatly stated, "where a plaintiff's nonfrivolous claim invokes the exclusive jurisdiction of federal courts, the *Colorado River* stay is not appropriate." *Id.*

The exclusive federal claims asserted by Prominent in this case do not fit within the narrow exception recognized by our court of appeals. While Allen Brothers appears to be correct in labeling Prominent's claims as "reactive," the controlling case law indicates that a federal court should proceed with nonfrivolous reactive federal claims over which the court has exclusive jurisdiction, because Congress' jurisdictional grant reflects its preference for

9

uniformity over efficiency. See *Medema*, 854 F.2d at 215; *Thomas v. Acme Scientific Mold Polishing Serv. & Supply, Inc.*, 1993 WL 469974, at *4 (N.D. Ill. Nov. 10, 1993) (declining to stay case as to claim within exclusive federal jurisdiction under *Colorado River* on ground that "[a]t this early stage in the federal litigation, this Court is not prepared to conclude that Plaintiff's claim * * * is frivolous").

Allen Brothers has pointed to decisions from this district in which courts have deferred to state court actions despite the presence of exclusive federal jurisdiction over a claim in the federal lawsuit. Those cases of course are not binding on this Court, but they are distinguishable in any event. Allen Brothers primarily relies on *Int'l Jensen Inc. v. Emerson Radio Corp.*, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996). In *Int'l Jensen*, as in this case, the relief available to the party seeking to proceed in federal court under § 14(a) of the Securities Exchange Act of 1934 was identical to the relief available in state court under common law. But what makes this case distinguishable, and the reason that this Court cannot defer, is that both the state and federal courts in *Int'l Jensen* would have had to engage in precisely the same analysis applying essentially the same legal standards.[5] In short, absent deferral by the federal court, materially indistinguishable legal claims would have been litigated simultaneously in the federal and state court systems. Here, by contrast, the elements of a successful claim by Prominent on the copyright infringement action are distinct from the elements required to sustain Prominent's breach of contract counterclaim in state court. And those differences confirm that Prominent's federal claim is *uniquely* federal in nature and presumptively within the rule established in *Medema*.

---

[5] As the court noted, the elements of a Delaware common law claim based on material misstatements or omissions in proxies are similar to the elements of a § 14(a) claim under the Securities Exchange Act of 1934, and the same standard of "materiality" applies as to both claims. *Int'l Jensen*, 1996 WL 494273 at *4.

10

Allen Brothers also calls the Court's attention to *One Up, Inc. v. Webcraft Tech., Inc.*, 1989 WL 118725 (N.D. Ill. Sept. 22, 1989). But that case was decided long before *Int'l Armor*, and it seems likely that a case presenting the facts of *One Up* today would be dismissed for lack of subject matter jurisdiction. In *One Up*, a party simultaneously asserted a federal counterclaim for patent infringement within the exclusive jurisdiction of the federal courts and a state court claim seeking a determination that he was the owner of that patent. *Id.* at *1. The court expressed its skepticism of the party's "crafty pleading," but found jurisdiction because the party "based his claim of infringement broadly on the patent laws, without seeking relief under the alleged assignment." *Id.* at *2. Nevertheless, the court deferred proceedings on the federal claim because it strongly suspected that the "cross-claim is merely a state law contract action cloaked as a patent infringement case" (*id.* at *5) and believed that the resolution of the state court action may have had preclusive effect on the federal action (*id.* at *6). In light of the Seventh Circuit's subsequent teaching in *Int'l Armor*, it seems likely that a court now would treat "a state law contract action cloaked as a patent infringement case" (*id.* at *5) as "a suit nominally under federal law" that "depends entirely on the state law of contracts" (*Int'l Armor*, 272 F.3d at 914), and thus not within the jurisdiction of the federal courts.[6]

---

[6] The parties have treated the CFAA claim asserted in Count II of Prominent's complaint as an afterthought, both with respect to the *Colorado River* and the subject matter jurisdiction briefing. While there is precedent for simultaneously denying a stay as to federal claims within the exclusive jurisdiction of the federal courts and granting a stay as to claims over which the federal and state courts have concurrent jurisdiction (see *Thomas*, 1993 WL 469974, at *4), Allen Brothers does not advance any independent basis for staying this matter as to Count II only. If the Court had concluded that it lacks jurisdiction over Count I of Prominent's complaint, it would have been necessary to address Allen Brothers' contention that Prominent's CFAA claim is "immaterial and incidental" and outside of the scope of this Court's jurisdiction. That argument is underdeveloped – raised in a footnote in Allen Brothers' supplemental brief – and it seems likely that Prominent has at least alleged a CFAA claim on the face of its well-pleaded complaint (see *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). But the Court need not resolve that question at this juncture. Even if Count II turns out to be, upon further consideration, a dressed-up contract claim, it would lie within the Court's supplemental jurisdiction.

### III.     Conclusion

Because this case does not fall within the narrow exception recognized in *Medema* for deferring to parallel state actions in the face of a federal complaint asserting claims within the exclusive jurisdiction of the federal courts, this Court has no choice but to proceed. The motion to abstain (or more precisely, to stay) under *Colorado River* therefore is denied.

Dated:  February 11, 2008

_____
_____
Robert M. Dow, Jr.
United States District Judge