

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROMINENT CONSULTING, LLC,

    Plaintiff,

v.

ALLEN BROTHERS, INC.,

    Defendant.

No. 07 C 6357

## MODIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for good cause shown, the Court hereby orders the following Protective Order ("Protective Order") limiting the use and disclosure of discovered information as provided herein.

IT IS HEREBY ORDERED that if, pursuant to proceedings in this action, any party or third-party witness in this case (a "Designating Party") produces information, in response to oral examination, written interrogatories, request for admission, request for production of documents, or otherwise, which it claims to be encompassed by one or more of the following categories of confidential information: trade secrets, non-public financial information, non-public business plans and strategies, non-public customer or market research, non-public marketing or sales strategies, non-public information regarding customers or potential customers, non-public personal information regarding any individual and/or password or other confidential log-in information (collectively referred to hereafter as "Confidential Information"), the following procedures shall be followed.

1.    To the extent a party's Confidential Information is contained in materials produced by another party, a Designating Party may designate such materials pursuant to the

Exhibit "1"

terms hereof, if possible prior to the production of such materials and in any event as soon as practicable following the determination that materials produced by another party contain such Confidential Information.

2. Any Confidential Information produced by any Designating Party in written form as part of discovery in this action shall be designated by such party as Confidential Information by stamping "Confidential - [Designating Party's name]" or a similar designation on the face of the material, unless originals are produced. The stamping or marking shall be made by the Designating Party prior to the production of the material. Absent a specific order by this Court, once Confidential Information has been so designated, that Confidential Information, including copies, summaries, notes of, abstracts of, or indices of that Confidential Information, shall be used only for purposes of this litigation, shall not be used (directly or indirectly) for any business or competitive purpose, and shall not be disclosed (directly or indirectly) to anyone except the following:

    a. Outside counsel who have entered an appearance in this action and in-house counsel representing the parties (but excluding any such counsel who also serve in any business-related capacity for any party and excluding any such counsel who have been identified as a potential fact witness in this action (including without limitation attorney Robert Schwimmer) except when it is indicated on the face of any document in question that the witness or prospective witness is the author, recipient or intended recipient of the document), and clerical or secretarial employees of any firm retained to reproduce or transcribe the Confidential Information for use in accordance with this Protective Order;

    b. Employees of any party to this action who are reasonably necessary to assist counsel in the conduct of this action;

2

    c. Experts or consultants assisting counsel for any party pursuant to paragraph 5 below;

    d. Judicial or administrative employees in connection with proceedings between the parties pursuant to paragraph 8 below.

  3. A Designating Party also may designate highly sensitive Confidential Information as "Confidential-Counsel Eyes Only" by so marking the Confidential Information on its face prior to its production. Confidential Information designated as "Confidential-Counsel Eyes Only" may be disclosed only to the persons listed in paragraphs 2(a), 2(c) and 2(d) above.

  4. At any deposition in this matter at which Confidential Information is newly produced or at which previously produced Confidential Information is referred to or reflected in the deponent's testimony, any Designating Party may, on the record of the deposition or by written notice to counsel for all parties not later than 7 days after receipt of a deposition transcript, designate all or portions of such Confidential Information or testimony pertaining thereto or contained therein as "Confidential" or "Confidential-Counsel Eyes Only" under the terms of this Protective Order. During the said 7-day period, all transcripts and the information contained therein will be treated as if they were designated as "Confidential" in their entirety. After the said 7-day period, only those portions of a transcript actually designated "Confidential" or "Confidential-Counsel Eyes Only" shall be so treated, except that all copies of deposition transcripts that contain designated Confidential Information shall be prominently marked "Confidential" or "Confidential-Counsel Eyes Only" on the face thereof and, if and when filed with the Clerk, in whole or in part, shall be filed under seal.

  5. The procedure for having a non-testifying consultant, or testifying expert or other third party approved for access to Confidential Information shall be as follows:

3

a. In the case of a non-testifying consultant, counsel for the party on whose behalf said consultant has been retained shall (i) obtain a written acknowledgment, signed by the non-testifying consultant, in the form attached hereto as Exhibit A, and (ii) keep the original of such acknowledgment in counsel's files. If the non-testifying consultant to whom a party desires to produce Confidential Information cannot or will not make each of the representations contained in the acknowledgment and counsel still wishes to retain said person on a non-testifying basis, then, prior to producing any Confidential Information to said non-testifying consultant, counsel must follow the procedure set forth in subparagraphs (c) and (d) hereof.

b. In the case of a testifying expert who has been retained or other third party, counsel for the party who wishes to disclose Confidential Information to such persons shall (i) obtain a written acknowledgment, signed by the testifying expert or other third party, in the form attached hereto as Exhibit A, (ii) keep the original of such acknowledgment in counsel's files, and (iii) promptly produce a copy of said acknowledgment to all other counsel of record. If the testifying expert or other third party to whom a party desires to produce Confidential Information cannot or will not make each of the representations contained in the acknowledgment and counsel still wishes to retain said person on a testifying or other basis, then, prior to producing any Confidential Information to said testifying expert or other third party, counsel must follow the procedure set forth in subparagraphs (c) and (d) hereof.

c. Within ten days of receipt of an acknowledgment having been executed hereunder, or within ten days of receipt of notice from counsel that a proposed non-testifying consultant, testifying expert or other third person cannot or will not execute an acknowledgment hereunder, the Designating Party may object to the person proposed for approval. Failure to object within ten days to a person proposed shall be deemed approval, but shall not preclude any

4

subsequent objection to continued access where facts suggesting a basis for objection are subsequently learned by the objecting party or its counsel.

        d.      If the Designating Party so objects, that person or entity and the requesting party shall, within five days from the date of notice of objection, confer and attempt to resolve the dispute. If the participants cannot resolve the dispute, or if the conference does not take place, then within 14 days from the date of notice of objection, the requesting party may make an appropriate application to the Court, to be kept under seal, requesting that access to Confidential Information not be allowed to the proposed person. At the hearing on such an application, the burden will be on the person or entity requesting disclosure to show that the Confidential Information involved is either not a trade secret, confidential business or proprietary information, or that the disclosure of the trade secret, confidential business or proprietary information is or would not be harmful. If these requirements are met, the burden will shift to the Designating Party to establish that discovery of the specific Confidential Information is irrelevant, that its disclosure to the proposed person is unnecessary to the action or that the requested disclosure otherwise should not occur. The parties agree that the expense and/or cost involved in hiring an independent, outside consultant shall not be considered a reason supporting a request for Court-ordered disclosure pursuant to this paragraph 5(d).

        6.      All Confidential Information shall be kept in facilities reasonably secure and counsel for the parties shall take reasonable steps so as to prohibit access to such Confidential Information to persons not entitled to it subject to the limitations of paragraphs 2, 3 and 5 of this Protective Order.

        7.      Whenever any Confidential Information is introduced or elicited at a deposition, trial, hearing or other proceeding, such portions of the proceedings which concern the

Confidential Information so designated shall be conducted so that only those persons authorized hereunder to have access to such matters shall be present, except as otherwise ordered by the Court.

8. Any Confidential Information which is filed with or submitted to the Court shall be delivered sealed to the Clerk of the Court in a sealed envelope containing a statement substantially in the following form:

**RESTRICTED DOCUMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C) SUBJECT TO PROTECTIVE ORDER**
The document herein is filed as restricted in accordance with the Protective Order entered by the Court on [date]

*[Handwritten: No documents may be filed under seal unless and until the parties have complied with Local Rules 5.8 and 26.2. /MO]*

9. In the event of a dispute with respect to the designation of any discovery materials as Confidential Information or as "Confidential-Counsel Eyes Only," counsel shall endeavor in good faith to resolve their dispute in an informal conference. If, after an attempt to resolve the dispute by way of an informal conference, the parties are unable to resolve the dispute, then the Designating Party shall move for a ruling on the continued confidential status of the disputed materials under the terms of this Protective Order. While the parties seek to resolve any such dispute and if the Designating Party makes an application to this Court as set forth herein, the materials and/or information in dispute shall remain protected from any disclosure that is not permitted hereunder until a conclusive determination is made by the Court. In the event that the Designating Party fails to move for a ruling on the continued protected status of the information within thirty (30) days following written notice of an objection to the designation, the materials and/or information no longer shall be treated as protected hereunder.

10. Any party hereto may seek relief from, or modification of, this Protective Order, and may challenge the designation of any document, thing or testimony as "Confidential Information" or "Confidential-Counsel Eyes Only."

11. Confidential Information shall be introduced into evidence only under an appropriate order in accordance with paragraph 7 hereof, unless the confidentiality designation of such Confidential Information has been removed by agreement of counsel or by this Court in accordance with the provisions of paragraphs 9 or 10.

12. Entry into this Protective Order, and/or producing or receiving materials or otherwise complying with the terms of this Protective Order, including marking or not marking any materials or information as Confidential Information or "Confidential-Counsel Eyes Only," shall not:

    a. Operate as an admission that any type of information potentially covered by this Protective Order is relevant to any claim or defense in this action;

    b. Operate as an admission by any party that any particular Information does or does not contain or reflect trade secrets, or other proprietary and confidential matter; or

    c. Prejudice in any way the rights of any party to object to the production of documents or information it considers not subject to discovery; or

    d. Prejudice in any way the rights of a party to seek determination by this Court (i) whether particular Confidential Information should be produced, or (ii) if produced, whether such Confidential Information should be subject to the terms of this Protective Order or some other appropriate protection or restriction; or

    e. Prejudice in any way the rights of a party to apply to this Court for a further protective order relating to any Information.

13. Within 21 days of termination of this litigation, including any appeals, the originals and all copies of Confidential Information shall be turned over to the party that produced such material or to their respective counsel. Counsel for any party that received

Confidential Information shall confirm in writing that, to the best of such counsel's knowledge and belief, all originals and copies of Confidential Information supplied to that counsel have been returned. Provided, however, counsel for all parties may retain a complete copy of each pleading (including exhibits) filed in this action and counsel may retain attorney work-product containing or describing such Confidential Information, but may not use such work product other than solely for purposes of this litigation or any settlement thereof.

14.     This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect and the Court shall retain jurisdiction to enforce this Protective Order.

IT IS SO ORDERED.

Dated: September 2, 2008

_____
United States District Court Judge

## "EXHIBIT A"

## ACKNOWLEDGMENT

I have received and read the foregoing Confidentiality Agreement and Protective Order ("Protective Order") of the United States District Court for the Northern District of Illinois, Eastern Division, dated August __, 2008, in the action styled *Prominent Consulting LLC v. Allen Brothers, Inc.*, Case No. 07 C 6357. I affirmatively agree and represent as follows:

1. That I will be bound by the terms of the Protective Order;

2. That I will not disclose, directly or indirectly, any Information provided to me except in accordance with the Protective Order; and

3. That I will not use, directly or indirectly, any Information for any competitive purpose.

I understand that the unauthorized disclosures of Information constitutes contempt of court, and that a breach of this agreement is directly actionable by any person whose Information is disclosed in violation of this Protective Order.

I also consent to the exercise of personal jurisdiction over me by the above-referenced court with respect to this agreement and the Protective Order.

_____
(Signature)

_____
(Name Printed)

_____
(Street Address)

_____
(City)      (State)      (Zip Code)

9